**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Harold E. NICHOLS, Defendant–**
**Appellant.**

**No. 90–50636.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 2, 1993.

Submission Vacated March 31, 1993.

Resubmitted Nov. 9, 1993.

Decided Nov. 23, 1993.

Karen A. Corbin, Santa Barbara, CA, for defendant-appellant.

David A. Sklansky and Jennifer T. Lum, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING, HUG and KOZINSKI, Circuit Judges.

PER CURIAM:

Harold Nichols was convicted of one count of conspiracy to defraud the United States, three counts of tax evasion and two counts of using a false social security number. He challenges the district court's refusal to give a lesser included offense instruction regarding the crime of failure to file a tax return.[1] We affirm.

A defendant is entitled to an instruction on a lesser included offense if: (1) "the offense on which the instruction is sought is a lesser included offense of the offense charged" and (2) "the jury rationally could conclude that the defendant was guilty of the lesser included offense but not the greater." *United States v. Pedroni*, 958 F.2d 262, 267–68 (9th Cir.1992). We consider the first requirement *de novo* and review the district court's resolution of the second for abuse of discretion. *United States v. Torres*, 937 F.2d 1469, 1476 (9th Cir.1991).

An offense is a lesser included offense of the offense charged where "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 1450, 103 L.Ed.2d 734 (1989). No instruction is to be given "[w]here the lesser offense requires an element not re-

---

**1.** Other claims, raised by Nichols are addressed in a separate unpublished disposition, 1993 WL 483917.

quired for the greater offense." *Id.* The offense of failure to file a tax return consists of three elements: (1) the defendant was required to file a return, (2) he failed to file a return, and (3) he acted willfully. *United States v. Brodie,* 858 F.2d 492, 497 (9th Cir. 1988). The elements of the offense of tax evasion are "(1) willfulness, (2) existence of a tax deficiency, and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Voorhies,* 658 F.2d 710, 713 (9th Cir.1981). Because failure to file a return is an element of the offense of failure to file but is not an element of tax evasion, the offense of failure to file is not "necessarily included" in the offense of tax evasion. *Cf. United States v. Foster,* 789 F.2d 457, 460 (7th Cir.1986) (double jeopardy clause does not bar multiple punishments for failure to file a return and tax evasion).[2]

Nichols argues a lesser included offense instruction should have been given because the government's proof of the evasion charges included evidence that Nichols failed to file a return for the tax years at issue. The test Nichols urges us to apply is the former "inherent relationship" test, which the Supreme Court expressly rejected in *Schmuck.* 489 U.S. at 715–16, 109 S.Ct. at 1450; *United States v. Spencer,* 905 F.2d 1260, 1261 (9th Cir.1990). Under the "inherent relationship" test, the lesser offense was determined by reference to conduct proved at trial instead of statutory elements, and failure to file would be a lesser included offense where part of the proof of a tax evasion charge was failure to file.

■ Under the elements test, however, no instruction is given if the lesser offense requires an element not required for the greater offense, even if the prosecution proved that element of the lesser offense in support of its charge of the greater offense. *See United States v. Komisaruk,* 885 F.2d 490, 497–98 (9th Cir.1989) (offense of entering military property for any purpose prohibited by law not a lesser included offense of destruction of government property even though defendant's unlawful entry on military property was part of the proof of the latter charge).

**AFFIRMED.**

---

**2.** Although the court said in *United States v. Boone,* 951 F.2d 1526, 1541 (9th Cir.1991), that failure to file is a lesser included offense of tax evasion, it was unnecessary for the court to decide the question because defendant had waived any right to a lesser included offense instruction by failing to request it.