10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold E. NICHOLS, Defendant-Appellant.
 No. 90-50636.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 2, 1993.
Submission Vacated March 31, 1993.
Resubmitted Nov. 9, 1993.
Decided Nov. 23, 1993.
 
 1
 Before: BROWNING, HUG, and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 I.
 
 3
 Sufficiency of the evidence.
 
 A. Conspiracy
 
 4
 Nichols contends the government failed to prove he and Fulton agreed to defraud the United States because it did not offer evidence they "ever discussed or in any way agreed to any conspiracy." However, a conspiratorial agreement need not be proven by direct evidence and may be "inferred from the acts of the parties." United States v. Ayers, 924 F.2d 1468, 1482 (9th Cir.1991) (citation and internal quotations omitted). The jurors could reasonably conclude Nichols and Fulton agreed to evade the payment of taxes from their joint operation of the tax shelter scheme, their joint efforts to take payments in a manner that concealed their receipt of income, and their failure to pay any taxes. Fulton stated that he did not believe he and Nichols were conspiring to evade the payment of taxes at the time. The jury was entitled to discredit that statement in light of Fulton's earlier testimony that he had pled guilty to such a conspiracy.
 
 B. Tax Evasion
 
 5
 Nichols argues the government failed to prove that he acted willfully. Willfulness in a tax evasion charge "may be inferred from conduct such as ... handling ... one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal." Spies v. United States, 317 U.S. 492, 499 (1943). See also United States v. Pisello, 877 F.2d 762, 767 (9th Cir.1989). The jury could reasonably conclude that Nichols acted willfully from the evidence that he took payments from his companies in a manner that concealed his receipt of income, used a false social security number in opening bank accounts and expressly asked his friends to lie to IRS representatives on his behalf. In light of this evidence, the jury could rationally reject his claim of a good faith belief that he owed no taxes. Moreover, his argument that he believed he had no tax liability because of his investment in the gold mining tax shelter scheme was seriously undercut by the IRS agent's testimony that Nichols did not invest in the tax shelter.
 
 C. Use of a False Social Security Number
 
 6
 There was plainly sufficient evidence for a rational jury to conclude that Nichols used a false social security number with intent to deceive. The evidence established that Nichols used his correct social security number in all his dealings with the IRS and consistently used the same false number in opening bank accounts and submitting credit and rental applications. Accordingly, the jury could reasonably disbelieve Henry Clary's testimony that Nichols thought the social security number was the "mark of the beast" and simply used any number that popped into his head.
 
 II.
 
 7
 Tax background of potential jurors.
 
 
 8
 There is no basis in the record for Nichols' claim that tax and audit data on potential jurors, which the government provided pursuant to 26 U.S.C. Sec. 6103(h)(5), was limited to the preceding five years. Nichols requested the tax and audit data five days before the original trial date. When it became apparent that the government could collect data only for the last five years in that time, the district judge ordered a new potential juror list be drawn and postponed the trial more than six weeks to allow sufficient time for a complete search of the records.
 
 
 9
 We also reject Nichols' claim that our decision in United States v. Sinigaglio, 925 F.2d 339 (9th Cir.1991), requires that information requested pursuant to 26 U.S.C. Sec. 6103(h)(5) be provided directly by the national service center instead of a local office. We made no such distinction in Sinigaglio. Rather, we held that the information provided in that case was incomplete because it was limited to a six-year period. Id. at 342.
 
 
 10
 Finally, Nichols suggests that he received the tax and audit data late. There is no merit in this claim because the list of potential jurors was provided five weeks before trial and Nichols received the information before jury selection. United States v. Hashimoto, 878 F.2d 1126, 1132 (9th Cir.1989) (list of potential jurors must be provided well in advance of trial so that tax information may be supplied before the jury is selected).
 
 III.
 
 11
 Good faith instruction.
 
 
 12
 Nichols also claims error in the district court's failure to give an instruction on good faith. Where, as here, the district court gives the instruction on willfulness approved by the Supreme Court in Cheek v. United States, 111 S.Ct. 604, 610 (1991), a separate good faith instruction is not required. United States v. Hardy, 941 F.2d 893, 897 (9th Cir.1991).
 
 IV.
 
 13
 Appellate delay.
 
 
 14
 We reject Nichols' claim that the court reporter's one-year delay in preparing the transcripts violated his due process rights. Even if the delay was unreasonable, the meritlessness of Nichols' appeal precludes a showing of prejudice. United States v. Tucker, No. 87-5090, slip op. 12153, 12160-61 (9th Cir. Oct. 29, 1993).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The parties are familiar with the facts of this case and the issues raised and they will not be repeated here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. Nichols' claim the district court erred in refusing to give a lesser included offense instruction is addressed in a separate published decision