35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Armando RIVERA, Defendant-Appellant.
 No. 92-10396.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1994.
Decided Sept. 8, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges, and VAN SICKLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Defendant Jose Armando Rivera appeals his convictions for possession of marijuana with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Sec. 846. Rivera contends that (1) the trial court should have instructed the jury on the alleged lesser included offenses of misprision of felony and accessory after the fact, and (2) the prosecution's remarks in closing argument denied him a fair trial. We reject both arguments and affirm the district court.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 4
 On October 30, 1991, Richard Salazar, a South Tucson police officer working undercover for the Drug Enforcement Administration (DEA), arranged to purchase 200 pounds of marijuana from Florencio Hoyas-Quesado (Florencio). The two agreed to meet in a Tucson parking lot, at which point they would drive on to Salazar's home to conclude the sale. At the appointed meeting time and place, Florencio arrived in a red Buick. Rivera drove the Buick while Florencio sat in the front passenger seat. Two other defendants arrived in a separate car.
 
 
 5
 Salazar walked up to the car and asked Florencio to show him the marijuana. Florencio refused. Salazar made the same request of Rivera, who also refused. Salazar then signalled police officers to arrest Rivera, Florencio, and the two other suspects. Police searched the Buick and discovered over 200 pounds of marijuana in its trunk. They also found a loaded pistol under an armrest between the driver's and front-seat passenger's seats.
 
 
 6
 After his arrest, Rivera told Salazar that he was to receive money for driving the car to the meeting place. He also said that he could smell marijuana in the car and thus knew it was present.
 
 
 7
 A grand jury indicted Rivera on charges of possessing marijuana with intent to distribute, conspiring to do so, and using a firearm during a federal offense. At trial, Rivera argued that he had driven to Tucson along with his friend Armando Hoyas-Quesado (Armando) in order to purchase household and business supplies. In Tucson, he and Armando met Florencio, who was Armando's brother. Rivera testified that he agreed to drive the Buick as a favor to Florencio, and that he did not discover the car contained marijuana until en route to the fateful meeting with Salazar. Rivera also testified that he did not know there was a gun in the car.
 
 
 8
 Rivera's first trial ended in a mistrial. After a second trial, a jury convicted Rivera on the two drug charges but acquitted him of the firearm offense. Rivera timely appeals.
 
 II.
 DISCUSSION
 A. "Lesser Included Offense" Instruction
 
 9
 Rivera first argues that, given his belated entry into the conspiracy, the trial court should have instructed the jury on the offenses of misprision of felony and accessory after the fact. He asserts that these represent "lesser included offenses" contained within the drug offenses of which he was charged and convicted.
 
 
 10
 A defendant is entitled to an instruction on a lesser included offense if: (1) the offense contained in the instruction truly is a lesser included offense of that charged, and (2) "the jury rationally could conclude that the defendant was guilty of the lesser included offense but not the greater." United States v. Nichols, 9 F.3d 1420, 1421 (9th Cir.1993) (per curiam) (quotation omitted). The first issue is reviewed de novo, while the district court's resolution of the second is reviewed for abuse of discretion. Id. No lesser-included-offense instruction is required if the asserted lesser offense requires an element not required for the greater. Id. at 1421-22.
 
 
 11
 The district court did not err in rejecting Rivera's proposed instructions. This court has already held that misprision of felony is not a lesser included offense of drug possession or drug conspiracy, because it contains at least one element--affirmative concealment of a crime--that the latter offenses do not. United States v. Vasquez-Chan, 978 F.2d 546, 554-55 (9th Cir.1992). Likewise, conviction as an accessory after the fact requires receipt, relief, comfort or assistance of an offender "in order to hinder or prevent his apprehension, trial or punishment." 18 U.S.C. Sec. 3. This element, like the affirmative acts of concealment required for misprision of felony, is not contained within the drug possession and conspiracy charges involved here. Not all conspirators agree to cover up their crime after its commission; indeed, many turn state's evidence against their cohorts. Cf. United States v. Gordon, 844 F.2d 1397, 1401 (9th Cir.1988) (finding conspiracy indictment duplicitous because conspiracy to commit substantive offense did not "imply a subsidiary conspiracy to conceal the crime").
 
 
 12
 Moreover, there was no factual basis for Rivera's requested instructions. Rivera joined the conspiracy, if at all, while it was still in progress. The drugs had not reached their intended destination, nor had the intended sale been concluded, when Rivera and his cohorts were apprehended. No "after the fact" concealment or obstruction could have occurred, because the underlying crime had not been consummated. United States v. Nava-Maldonado, 566 F.Supp. 1436, 1438-39 (D.Nev.1983) (defendant could not be convicted as accessory after the fact to transportation of illegal aliens, because he and his cohorts were apprehended before they reached their destination); see United States v. Jackson, 448 F.2d 963, 971 (9th Cir.1971) (district court properly rejected accessory after the fact instruction where substantive evidence connected defendant with the underlying crime), cert. denied, 405 U.S. 924 (1972). Rivera might not have been present for the opening ceremonies, but he entered the game while it was still afoot. No jury could rationally have found Rivera guilty of misprision of felony or as an accessory after the fact.
 
 
 13
 B. Prosecutorial Comments in Closing Argument
 
 
 14
 Rivera next contends that several remarks by the prosecution in closing argument constitute reversible error. "Prosecutorial comments to which [a] defendant objects are reviewed for 'harmless error.' " United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). Where the defendant did not object at trial to the challenged comment, this court reviews for plain error. Id. The issue is whether the assertedly improper remark, considered in the context of the trial as a whole, affected the jury's ability to evaluate the evidence fairly. Id. We discuss and evaluate each comment in turn.
 
 1.
 
 15
 In discussing the firearm charge, the prosecution commented that Rivera's "own testimony ... indicates that he drove this car for 14 miles, for 25 minutes, that the gun was right next to him in the front seat under an armrest next to him." (Rep.Tr., Apr. 8, 1992, at 75-76.) Defense counsel objected, apparently on the ground that Rivera did not testify that he knew about the gun. The district court then instructed the jury that it was "the sole judge[ ] of what the evidence was in this case."
 
 
 16
 The prosecution's comment was harmless error. The trial court issued an immediate curative instruction. See Endicott, 803 F.2d at 513 (quotation omitted): "A trial judge may cure the effect of improper prosecutorial comments by ... giving appropriate curative instructions to the jury." The jury apparently took that instruction to heart, because it acquitted Rivera of the firearm charge.
 
 2.
 
 17
 After the judge issued the preceding instruction, the prosecution continued: "You know, I would really be a fool to try to say something that is not in evidence. But if I do say something you didn't hear, it's not intentional.... That's why we have a number of people on a jury, so that you can put your common sense and common recollections together." (Rep.Tr., Apr. 8, 1992, at 76.) Defense counsel did not interpose an objection.
 
 
 18
 The challenged comment did not constitute plain error. The prosecution was apologizing for his mistake, and reminding the jury that its collective memory was better than his. See United States v. Carrillo, 16 F.3d 1046, 1050 (9th Cir.1994) (finding no reversible error despite prosecution's apparent misstatement of record, where prosecutor prefaced remark by telling jury, "I may be wrong, and your recollection controls").
 
 3.
 
 19
 In discussing the firearm charge, the government contended that Rivera should have foreseen Florencio's use of a firearm because of the violent nature and widespread public knowledge of the drug trade. During closing argument, the prosecution observed:
 
 
 20
 Ladies and gentlemen, the dangers associated with drugs in this country of ours [are] legendary. Defendant wants you to believe he doesn't read the paper or he doesn't know about it. But I submit to you ... even kids five years old know about the dangers involved in drugs, know about the shootings that are involved in relation to drugs and ripoffs.
 
 
 21
 (Rep.Tr., Apr. 8, 1992, at 78.) Defense counsel did not object, and we do not find these comments plainly erroneous. This court has held it permissible for the prosecution to refer to the seriousness of the drug crisis. Guam v. Ignacio, 852 F.2d 459, 462 (9th Cir.1988).
 
 4.
 
 22
 Finally, the government argued, "I would submit that the best way to describe [Rivera's] testimony is that it was incredible and it was a lie." (Rep.Tr., Apr. 8, 1992, at 79.) Again, defense counsel did not object, and we do not find the challenged comment to be plain error. "It is neither unusual nor improper for a prosecutor to voice doubt about the veracity of a defendant who has taken the stand." United States v. Birges, 723 F.2d 666, 672 (9th Cir.), cert. denied, 466 U.S. 943, and cert. denied, 469 U.S. 863 (1984). The comments upheld under a plain error standard in Birges were considerably more colorful than those employed here. See id. at 671 n. 1 ("I think it would be a fair statement under the evidence that if the lies told by [defendant] on the stand were weighed against the truths told by [defendant] on the stand, the scales of justice would have tipped him from his chair long before he concluded his testimony."); id. (arguing that defendant's explanations "are figments of [his] imagination fabricated by him to escape the responsibility of his criminal actions").
 
 
 23
 AFFIRMED.
 
 
 
 *
 Honorable Fred Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3