62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Harrison JERVIS, aka Bill Jervis, aka Bill Harrison,
Defendant-Appellant.
 No. 94-10402.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1995.*
Decided July 28, 1995.
 
 Before: HALL, WIGGINS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 * Viewed in the light most favorable to the prosecution, the evidence shows, inter alia, that Jervis (1) knew he was required to file returns and pay taxes, but stopped doing so in 1979 when he couldn't pay his 1978 tax bill; (2) stopped keeping accurate records only when he couldn't --- or didn't want to --- pay his taxes, and (3) engaged in such affirmative acts of evasion as depositing business receipts to third-party accounts, making transfers to such accounts, and placing assets in his ex-wife's name. There was sufficient evidence for the jury to find Jervis guilty of tax evasion, and the district court did not err by denying his motion for judgment of acquittal as to Counts III and IV. See United States v. Freter, 31 F.3d 783, 785 (9th Cir.), cert. denied, 115 S. Ct. 646 (1994).
 
 II
 
 3
 Because a debtor is automatically deemed to be insolvent at least ninety days, and as much as one year, prior to the filing of his bankruptcy petition, a trustee may avoid certain transfers made by a debtor up to one full year immediately preceding the filing of a petition in bankruptcy. See 11 U.S.C. Secs. 547(b) (voidable preferences) and 548(a) (fraudulent transfers). As a consequence, Bankr. R. 1007(b) requires a debtor to file various schedules and statements, consistent with certain Official Forms, listing assets, liabilities, and recent transfers of property.
 
 
 4
 Pursuant to Rule 1007(b), and in response to question 12 of his bankruptcy petition, Jervis declared under penalty of perjury that he had made no transfer of any property (other than ordinary and usual presents to family and charities) to anyone in the year immediately preceding the filing of his Chapter 13 bankruptcy petition. Jervis repeated this declaration at the time he filed his first amended Chapter 7 petition, and did not correct it at the time he filed his second amended Chapter 7 petition. Viewed in the light most favorable to the prosecution, the evidence shows that Jervis transferred, or arranged for others to transfer, some $55,000 in cash and property to his wife, none of which was disclosed to the bankruptcy court. As there was sufficient evidence for the jury to find Jervis guilty of bankruptcy fraud, the district court did not err by denying his motion for judgment of acquittal as to Count II. See Freter, 31 F.3d at 785.
 
 III
 
 5
 A willful failure to file tax returns under 26 U.S.C. Sec. 7203 is not a lesser included offense of tax evasion under 26 U.S.C. Sec. 7201. United States v. Nichols, 9 F.3d 1420, 1422 (9th Cir. 1993) (per curiam). While a willful failure to pay taxes is a lesser included offense of attempted income tax evasion, a court's failure to instruct, sua sponte, on a lesser included offense does not constitute plain error. United States v. Boone, 951 F.2d 1526, 1541-42 (9th Cir. 1991). Accordingly, the district court did not commit plain error by failing to instruct the jury on a lesser included offense.
 
 IV
 
 6
 The Guidelines apply to all so-called "continuing offenses," i.e., those crimes initiated prior to, but not completed until after November 1, 1987. United States v. Gray, 876 F.2d 1411, 1418 (9th Cir. 1989), cert. denied, 495 U.S. 930 (1990). "The concealment of assets of a debtor in a case under [the Bankruptcy Code] shall be deemed to be a continuing offense until the debtor shall have been finally discharged[.]" 18 U.S.C. Sec. 3284. Jervis concealed his fraud from the bankruptcy court for nearly three years, and was not finally discharged in bankruptcy until January 23, 1989, i.e., more than a year after the effective date of the Guidelines. The district court did not err by sentencing Jervis under the Guidelines.
 
 
 7
 Because we find no merit to any of Jervis's remaining arguments, the judgment of conviction and sentence imposed are
 
 
 8
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3