**UNITED STATES of America,**
**Plaintiff,**

v.

**John L. FUSERO, Defendant.**

No. 99-50029.

United States District Court,
E.D. Michigan,
Southern Division.

June 20, 2000.

Robert R. Elsey, Grosse Pointe Park, MI, Federal Defender, Fed. Defender Office, Flint, MI, for John L. Fusero.

***ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL; DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL; AND DENYING DEFENDANT'S MOTION FOR ARREST OF JUDGMENT***

GADOLA, District Judge.

On April 3, 2000, defendant John L. Fusero filed the following three post-trial motions: (1) Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33; (2) Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29; and (3) Motion for Arrest of Judgment pursuant to Federal Rule of Criminal Procedure 34. Answers thereto were filed by the government on May 25, 2000 pursuant to an order entered the same date. On June 1, 2000, defendant submitted briefs in reply.

An indictment was filed against defendant on April 6, 1999. The indictment contained the following three charges: Count I, failure to file tax return during

calendar year 1992 in violation of 26 U.S.C. § 7203; Count II, income tax evasion during calendar year 1993 in violation of 26 U.S.C. § 7201; and Count III, income tax evasion during calendar year 1994 in violation of 26 U.S.C. § 7201. A jury trial in the above-entitled case commenced February 15, 2000 and was concluded February 24, 2000. The jury found defendant guilty of all three counts set forth in the indictment.

For the reasons stated hereinbelow, the Court will DENY defendant's motion for new trial, motion for judgment of acquittal, and motion for arrest of judgment.[1]

## I. MOTION FOR NEW TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 33

Rule 33 of the Federal Rules of Criminal Procedure provides that a defendant is entitled to a new trial "if required in the interest of justice." Fed. R.Crim. Proc. 33. The Rule further provides that "a motion for new trial based on newly discovered evidence may be made only within three years after the verdict or finding of guilty." *Id.* However, "[a] motion for a new trial based on any other grounds may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7–day period." *Id.* Motions for new trial are within the discretion of the trial judge. It is well-established that such a motion is "'not favored and should be granted only with great caution.'" *United States v. Costello*, 255 F.2d 876, 879 (2d Cir.1958); *see also United States v. Garner*, 529 F.2d 962, 969 (6th Cir.1976).

In the case at bar, defendant presents nine grounds for a new trial. None of the grounds relates to "newly discovered evidence." Instead, these grounds consist of objections to various rulings made by the Court during trial. Defendant's arguments may be summarized as follows: (1) that government witnesses were improperly permitted to testify "beyond 5 U.S.C. § 554(d), [Fed.R.Evid.] 602, and the order of the court granting a motion in limine"; (2) that government witnesses testified that "defendant was guilty of a tax violation 'by operation of law'"; (3) that government agents improperly used the summons process to obtain evidence; (4) that business records were improperly admitted pursuant to Fed.R.Evid. 803(6); (5) that defendant was not provided with his Individual Master File, or parts thereof, prior to trial; (6) that the Court erred in denying the use of certain charts, containing statements of law, by defendant's expert witness, Paul Soyk; (7) that the Court erred in not providing a lesser included offense instruction; (8) that the Court "failed to recall precisely testimony of prosecution witnesses"; and (9) that government witnesses testified "as to prior tax filings of the defendant" without the proper notice requirements of Fed.R.Evid. 404(b). The Court will now address each argument *seriatim.*

With respect to defendant's first argument concerning the propriety of the government's providing an expert or "summary" witness, this objection has already been ruled upon by the Court. It is well-established in the case law that such testimony is *not* objectionable. *See United States v. Mohney*, 949 F.2d 1397, 1406 (6th Cir.1991) (holding that the "'argument that [the agent] usurped the function of the jury is...without merit. [The agent] did not give her opinion about whether [defendant] was guilty or not; she gave her opinion regarding whether tax was due and owing for the years in question in order to assist the jury in determining a fact in issue. There was no abuse of discretion ....'") (quoting *United States v. DeClue*, 899 F.2d 1465, 1473 (6th Cir. 1990)). In addition, the Sixth Circuit has held that "even 'if an ultimate issue was

---

**1.** Oral argument will not significantly aid in the disposition of defendants' motions. Accordingly, pursuant to E.D. Mich. LR 7.1(e)(2), the motions will be decided upon the briefs submitted.

involved, the district court did not abuse its discretion in finding that the testimony would be helpful to the jury in understanding the testimony of the expert witnesses because 'an IRS expert's analysis of the transaction itself, which necessarily precedes his or her evaluation of the tax consequences, is ... admissible evidence.'" *Id.* (citing *United States v. Windfelder,* 790 F.2d 576, 581 (7th Cir. 1986)).

Defendant's continued reliance upon 5 U.S.C. § 554(d) is also misplaced. As the Court commented at trial, Section 554 is part of the Administrative Procedure Act (APA), and is entitled "Adjudications." It does not govern the proceedings of federal court jury trials. The Section provides that "[a]n employee or agent engaged in the performance of investigative or prosecuting functions for an agency in a case may not, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review...except as witness or counsel in public proceedings...." *Id.* By its own language, the statute allows a government employee or agent to participate "as witness or counsel in public proceedings...." *Id.* Thus, the Administrative Procedure Act does not provide any basis upon which to preclude the testimony of the government's expert witness in this case.

Defendant's second argument, i.e. that government witnesses improperly testified that "defendant was guilty of a tax violation 'by operation of law,'" is also without merit. The government points out that defendant has failed to identify to which witnesses he is referring or their specific testimony. Moreover, the government argues that the phrase "by operation of law" is not found in any of the government's pleadings, proofs, or proposed jury instructions. The Court finds that this second argument is merely another formulation of defendant's objection concerning the use of a government "summary" witness. As stated *supra,* such testimony is clearly allowed pursuant to *United States v. Mohney,* 949 F.2d 1397, 1406 (6th Cir. 1991).

With respect to defendant's third argument regarding the use of the summons process, the Court notes that this issue already has been thoroughly discussed and determined by the Court in an order issued on February 14, 2000. *See* Order Denying Defendant's Motion for Reconsideration, Docket Entry No. 56. In that order, the Court considered defendant's argument that the summons process was misused by the government because there allegedly was a Justice Department referral in effect *before* the issuance of the summons on February 19, 1996. *See* Feb. 14, 2000 Order, p. 7. As the evidence showed, the referral of this case from the Internal Revenue Service to the Justice Department occurred on August 28, 1996, well *after* the issuance of the summons on February 19, 1996. Accordingly, there was no misuse of the summons process herein.

■ With respect to the defendant's fourth argument, i.e. that business records were improperly admitted pursuant to Fed.R.Evid. 803(6), defendant fails to provide any exhibit numbers or other specific information identifying the exhibit which he is attacking. Defendant appears to be generally attacking the admission of certain "computer-generated" documents. This issue was fully addressed at trial. As the Court stated during the trial, there are a number of cases holding that computer-generated records of the Internal Revenue Service (IRS), kept in the ordinary course of business, are admissible at trial pursuant to Fed.R.Evid. 803(6). *See United States v. Hayes,* 861 F.2d 1225, 1228 (10th Cir.1988) (holding that proper foundation was laid for admission of IRS computer data evidence in taxpayer's prosecution for willful failure to file income tax return; two IRS employees testified that taxpayer's computer generated records were kept in ordinary course of business and that it was regular IRS practice to keep such records); *see also Hughes v. United*

*States,* 953 F.2d 531, 535 (9th Cir.1992) (holding that official certificate of assessment and payment (Form 4340) constituted proof of fact that federal tax assessments actually were made); *United States v. Bowers,* 920 F.2d 220, 223 (4th Cir.1990) (holding that compilation of certificates of assessments and payments showing no record of returns filed by taxpayers and computer data used to construct that compilation were admissible as certificates of absence of public record; presentation of reliability of computer-generated evidence was not compulsory). In light of the foregoing cases, defendant's argument regarding the admissibility of "computer-generated" documents is without merit.

■ With respect to defendant's fifth argument, i.e. that he was not provided with his Individual Master File (IMF), or parts thereof, prior to trial, the government points out that defendant had discovery of exhibits offered by the government which were used as evidence at trial. As the evidence at trial established, the IMF is not a written document, but rather an electronically stored record containing information relating to a taxpayer. Relevant parts of the IMF were provided to defendant as part of the discovery process. Given these facts, the Court finds defendant's argument that he was not provided with his *entire* IMF, or pertinent parts thereof, unavailing. The record in this case amply demonstrates that defendant was provided adequate discovery prior to trial.

■ With respect to defendant's sixth argument, i.e. that the Court erred in denying the use of certain charts, containing statements of law, by defendant's expert witness, Paul Soyk, this argument is likewise without merit. As fully explained by the Court at the trial, these documents were properly excluded pursuant to Fed. R.Evid. 403, providing that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Such a decision excluding documents containing purported legal analysis is within the sound discretion of the trial judge. *See United States v. Nash,* 175 F.3d 429, 434 (6th Cir.1999) (holding that exclusion of exhibits allegedly relevant to defendant's good faith belief for failing to file tax returns, on ground that probative value of exhibits was outweighed by danger of unfair prejudice or other considerations, was not abuse of discretion, since proffered exhibits held danger of confusing the jury by introducing purported legal analysis at odds with district court's instructions).

■ With respect to defendant's seventh argument, i.e. that the Court erred by not instructing the jury that the misdemeanor offense of failure to file a tax return was a lesser included offense of the felony of tax evasion, this argument also was expressly considered and rejected by the Court at trial. In *United States v. Nichols,* 9 F.3d 1420 (9th Cir.1993), a case directly on point, the Ninth Circuit set forth the general rule that "[a] defendant is entitled to an instruction on a lesser included offense if: (1) 'the offense on which the instruction is sought is a lesser included offense of the offense charged' and (2) 'the jury rationally could conclude that the defendant was guilty of the lesser included offense but not the greater.'" *Id.* at 1421. Nevertheless, the court concluded that "[b]ecause failure to file a return is an element of the offense of failure to file but is not an element of tax evasion, the offense of failure to file is not 'necessarily included' in the offense of tax evasion." *Id.* Based on this holding, defendant thus was *not* entitled to a jury instruction regarding lesser included offenses.

Defendant's eighth argument is that "the court failed to recall precisely testimony of prosecution witnesses." This argument is not addressed in defendant's brief in support nor is it adequately ex-

plained in the motion. Defendant does state more particularly that "the court failed to recall that prosecution witnesses testified that the defendant did in fact rely upon legal cases and certain laws that the defendant had been studying...." Motion for New Trial, ¶ 8. Defendant then argues that he was entitled to a jury instruction regarding his reliance upon "law, legal cases and so-called experts."

◼ The Court will reject defendant's eighth argument based upon defendant's erroneous claim that there was no instruction regarding good faith reliance. In fact, Jury Instruction No. 23, entitled "Willfulness–Third Element of Willfully Attempting to Evade or Defeat a Tax," contains the following language: "A defendant does not act willfully if he believes in good faith that his actions comply with law. Therefore, if defendant actually believed that what he was doing was in accord with the tax statutes, and that he was not required to pay such taxes, he cannot be said to have had the criminal intent to willfully evade such taxes. Thus, if you find that the defendant honestly believed that he was not required to pay such taxes, even if that belief was unreasonable or irrational, then you should find him not guilty." Jury Instr. No. 23. This instruction was premised upon *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), and adequately presents the Supreme Court's articulation of the good faith defense contained in that case. *See Cheek*, 498 U.S. at 203, 111 S.Ct. 604.

◼ Lastly, defendant argues that a new trial is warranted because government witnesses were permitted to testify as to prior tax filings of defendant and notice of such evidence was not provided prior to trial pursuant to Fed.R.Evid. 404(b). The Court notes that this argument is not addressed in defendant's supporting brief. In any event, the argument presented is wholly without merit. The prior tax filings of defendant were not introduced by the government as "prior bad acts"—so as to implicate Rule 404(b)—but rather as "prior

good acts" which showed that defendant had *knowledge* of his obligations under the tax laws to file a return on an annual basis. As such, Rule 404(b)'s prohibition against "other crimes, wrongs, or acts" of a defendant to prove character is not even triggered.

For these reasons, defendant is not entitled to a new trial in "the interest of justice" pursuant to Fed. R.Crim. Proc. 33.

## II. MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 29

◼ Rule 29 of the Federal Rules of Criminal Procedure provides, in relevant part, that

[i]f the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7–day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. If no verdict is returned the court may enter judgment of acquittal. It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

Fed. R.Crim. Proc. 29(c). The standard for determining a motion for judgment of acquittal pursuant to Fed. R.Crim. Proc. 29 was established in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In that case, the United States Supreme Court stated that the appropriate inquiry is whether "any rational trier of fact could [find] the essential elements of the crime [charged] beyond a reasonable doubt." *Id.* at 307, 99 S.Ct. 2781. In order to prevail, a defendant must show that even when viewed in a light most favorable to the government, no rational juror could find the defendant guilty be-

yond a reasonable doubt. *See United States v. Tresvant,* 677 F.2d 1018, 1021 (4th Cir.1982). The court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." *Id.* at 1021.

With respect to Count I, charging defendant with failure to file tax return in violation of 26 U.S.C. § 7203, defendant argues that "the indictment failed to state the law requiring [the filing of a tax return] nor were there proofs at trial that addressed the unspecified requirement[s] of law.…" Motion for Judgment of Acquittal, p. 2. With respect to Counts II and III, defendant maintains that there was "no standard of law upon which to allow the triers of fact to decide that the defendant violated some obligation or duty by filing a W–4 Form that said 'Exempt.'" *Id.,* p. 3. Several arguments raised in support of defendant's motion are identical to arguments also raised in his motion for new trial and previously raised throughout this case. The Court will not revisit those same arguments which already have been addressed by this Court.

▆▆▆▆ The government responds that ample evidence was produced at trial to convict defendant of willful failure to file an income tax return (Count I) as well as to convict defendant of tax evasion (Counts II and III). In order to convict a defendant of willful failure to file an income tax return in violation of 26 U.S.C. § 7203, the government must prove the following elements beyond a reasonable doubt: (1) that defendant was required to file a return; (2) that defendant failed to file a return at a time required by law; and (3) that defendant's failure to file was willful. *See, e.g., United States v. Foster,* 789 F.2d 457, 460 (7th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986). In order to convict a defendant of tax evasion in violation of 26 U.S.C. § 7201, the government must prove the following elements beyond a reasonable doubt: (1) that defen-

dant made an affirmative attempt to evade or defeat a tax; (2) that defendant had a tax due and owing; and (3) that defendant acted willfully. *See, e.g., Cheek v. United States,* 498 U.S. 192, 195, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991).

With regard to Count I, willful failure to file, defendant Fusero was shown to have received gross income in the amount of $37,507.87 in 1992. *See* Govt's Exh. 32, Summary Chart for 1992, attached to Govt's Answer to Motion for Judgment of Acquittal. For the calendar year in question, this amount was more than sufficient to trigger defendant's legal requirement to file an income tax return. *See* Jury Instr. No. 17 (instructing that "[a] married person…is required to file a federal income tax return for any calendar year in which he has gross income in excess of…$10,600 for 1992, .…"). This threshold triggering amount was also established by the testimony of government witness, Donald Hinkle. Therefore, it is apparent that sufficient evidence existed for a rational jury to conclude beyond a reasonable doubt that defendant was required to file a return for 1992.

▆▆▆▆ Sufficient evidence was also presented with regard to the second element of Count I, i.e., that defendant failed to file a return for 1992. Defendant's failure to file was established by the testimony of government witness Clara Greek and IRS Transcript of Account for 1992. *See* Govt's Exh. No. 3. Lastly, with respect to the third element of willfulness, this element was established by the government through several means. First, defendant previously had filed income tax returns and thus knew of his obligation to file. *See* Govt's Exhs. Nos. 1 and 2. In addition, although defendant did not file a *federal* income tax return for 1992, he did file city and state returns for that year. *See* Govt's Exhs. Nos. 12 and 16. It is well-settled that a defendant's prior filings of tax returns constitute probative, circumstantial evidence on the issue of "willfulness". *United States v. Grumka,* 728 F.2d

794, 797 (6th Cir.1984); *see also* Jury Instr. No. 24. Accordingly, given this evidence, a rational jury certainly could have found that all the elements of Count I had been proven beyond a reasonable doubt.

■ With regard to Counts II and III, tax evasion, the proofs presented by the government at trial established that defendant made an affirmative attempt to evade or defeat a tax by failing to file tax returns and by filing false W–4 forms claiming that he was "exempt" from income tax withholding. *See* Govt's Exh. No. 4A, IRS Transcript of Account for 1993; Govt's Exh. No. 5A, IRS Transcript of Account for 1994; Govt's Exh. No. 5C, Form W–4 dated Aug. 22, 1994; Govt's Exh. No. 6A, Form W–4 dated Feb. 27, 1995.

The proofs also established that defendant had taxes due and owing for 1993 and 1994, thus satisfying the second element of the offense of tax evasion. *See* Govt's Exh. Nos. 24 and 25 and the testimony of government witness Hinkle. Lastly, the element of "willfulness" was also clearly established. As discussed *supra,* defendant's prior federal income tax filings as well as his state and local filings for 1993 and 1994 were probative of "willfulness." *See* Govt's Exhs. Nos. 13 (1993 Michigan Income Tax Return), 14 (1994 Michigan Income Tax Return), and 17 (1993 Flint Income Tax Return) and 18 (1994 Flint Income Tax Return). The government also noted that in preparing his state tax returns, defendant was called upon by those forms to begin his calculation by entering his "adjusted gross income" from his federal 1040, 1040A or 1040EZ. His City of Flint returns also required him to use his federal gross income as a starting point for calculations of defendant's city tax. This represents further evidence that defendant willfully evaded his obligations to pay federal taxes.

■ In light of the above, defendant has manifestly failed to satisfy his burden of showing that no rational juror could

have found him guilty beyond a reasonable doubt. *See United States v. Tresvant,* 677 F.2d 1018, 1021 (4th Cir.1982). It should also be mentioned that the general rule is that "any conduct, the likely effect of which would be to mislead or conceal" for tax evasion purposes constitutes an "affirmative attempt" to evade or defeat a tax under 26 U.S.C. § 7201. *Spies v. U.S.,* 317 U.S. 492, 498–99, 63 S.Ct. 364, 87 L.Ed. 418 (1943). Failing to file a return, coupled with an affirmative act of evasion is generally known as a *Spies* evasion. *See id.; see also United States v. Goodyear,* 649 F.2d 226 (4th Cir.1981). Despite defense counsel's assertions to the contrary, courts uniformly have held that the filing of a false W–4 form, claiming "exempt" status, constitutes an affirmative act of evasion. *See United States v. King,* 126 F.3d 987 (7th Cir.1997); *United States v. Williams,* 928 F.2d 145, 149 (5th Cir.), cert. denied, 502 U.S. 811, 112 S.Ct. 58, 116 L.Ed.2d 34 (1991).

Accordingly, the Court will deny defendant's motion for judgment of acquittal pursuant to Fed. R.Crim. Proc. 29.

## III. MOTION FOR ARREST OF JUDGMENT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 34

Pursuant to Rule 34 of the Federal Rules of Criminal Procedure, "[t]he court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged." Fed. R.Crim. Proc. 34. "The motion in arrest of judgment shall be made within 7 days after verdict or finding of guilty, or after plea of guilty or nolo contendere, or within such further time as the court may fix during the 7–day period." *Id.*

Upon review of defendant's motion for arrest of judgment, the Court finds that this motion, filed under the guise of Rule 34, is in actuality an attempt to relitigate arguments previously advanced in defendant's pretrial motion seeking dismissal of the indictment. Those issues have been

fully and thoroughly addressed and disposed of by this Court. Defendant is directed to the Court's January 13, 2000 order denying defendant's first and second motions to dismiss indictment pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. In that order, the Court concluded, after an extended discussion, that "defendant has not stated any reason which would necessitate dismissal of the Indictment in the present case." *Id.*, p. 14. The Court finds no reason to alter its prior rulings in this matter.

Accordingly, defendant's Rule 34 motion for arrest of judgment will be denied for the reasons set forth in the Court's prior January 13, 2000 order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant's Motion for New Trial, filed pursuant to Federal Rule of Criminal Procedure 33, is **DENIED;**

**IT IS FURTHER ORDERED** that defendant's Motion for Judgment of Acquittal, filed pursuant to Federal Rule of Criminal Procedure 29, is **DENIED;**

**IT IS FURTHER ORDERED** that defendant's Motion for Arrest of Judgment, filed pursuant to Federal Rule of Criminal Procedure 34, is **DENIED.**

**SO ORDERED.**