**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Hamlet C. BENNETT, Defendant–
Appellant.**

**No. 08–10368.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed June 1, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Clare Connors, USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

William M. Domingo, Esquire, The Law Office of William M. Domingo, Honolulu, HI, Alan Stuart Richey, Port Hadlock, WA, for Defendant–Appellant.

Before: KOZINSKI, Chief Judge, BYBEE and CALLAHAN, Circuit Judges.

## MEMORANDUM **

■ Sufficient evidence supports Hamlet Bennett's conviction for tax evasion under 26 U.S.C. § 7201. Testimony and physical evidence at trial established Bennett's "wilfulness," "the existence of a tax deficiency," and "an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). "[U]s[ing a] family trust," "insist[ing] that [clients] pay ... in cash," and "[other] similar devices" provide "sufficient evidence to support an inference of intent to evade the payment of taxes." *United States v. DeTar,* 832 F.2d 1110, 1114 (9th Cir.1987). Although the Internal Revenue Service did not make an assessment of taxes due and owing, "[a] tax deficiency exists from the date a return is due to be filed; that deficiency arises by operation of law." *United States v. Voorhies,* 658 F.2d 710, 714 (9th Cir.1981). Ample evidence at trial indicated that Bennett actively funneled income through third parties in an attempt to evade taxation, and the government's case at trial was not a prejudicial variance from the allegations in the indictment. *See United States v. Pisello,* 877 F.2d 762, 765 (9th Cir.1989).

Sufficient evidence also supports Bennett's conviction for conspiracy to defraud the United States under 18 U.S.C. § 371. *See generally United States v. Caldwell,* 989 F.2d 1056, 1059 (9th Cir.1993). To convict for conspiracy, "the prosecution need not show the agreement to have been explicit[—a]n implicit agreement may be inferred from the facts and circumstances of the case." *United States v. Hernandez,* 876 F.2d 774, 777 (9th Cir.1989).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

The jury instructions were not plainly erroneous. Knowledge that more federal income tax is owed than was declared is one element constituting wilfulness. *See Cheek v. United States,* 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). The district court was not required to give a lesser-included offense instruction concerning 26 U.S.C. § 7203, because "the offense of failure to file is not 'necessarily included' in the offense of tax evasion." *United States v. Nichols,* 9 F.3d 1420, 1422 (9th Cir.1993). Although the instruction's reference to wilfully failing to file a tax return was superfluous, the jury was fully informed of the elements of a tax evasion offense under 26 U.S.C. § 7201. The error in the instruction, if any, was harmless.

The district court did not abuse its discretion in allowing the government to question Anita Emerson and Bennett concerning Bennett's co-conspirators' convictions. The evidence in this case was relevant to Bennett's good faith belief in the legality of his actions, and "the trial court's instructions adequately explain[ed] to the jury the purpose for which the evidence could be used." *United States v. Halbert,* 640 F.2d 1000, 1005 (9th Cir. 1981). Even if the introduction of the evidence during the government's case-in-chief was in error, it was harmless, because the same evidence could have been elicited permissibly during the government's cross-examination of Bennett. Because hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence *to prove the truth of the matter asserted,*" Fed.R.Evid. 801(c) (emphasis added), the evidence about the convictions was not hearsay and was admissible even absent a specific exception to the hearsay rule.

AFFIRMED.