FILED

APR 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30186 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00026-FVS-1 |
| v. | |
| GYPSY LAWSON, | MEMORANDUM[*] |
| Defendant - Appellant. | |
| UNITED STATES OF AMERICA, | No. 09-30187 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00026-FVS-2 |
| v. | |
| FRAN OGREN, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Argued and Submitted April 5, 2010
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Gypsy Lawson and her mother Fran Ogren (collectively, "Defendants") appeal their convictions under 18 U.S.C. §§ 371 and 545 for unlawfully transporting a monkey into the United States following a trip to Thailand. They also appeal the district court's restitution order, directing them to pay approximately $4,500 for costs associated with transporting, quarantining, and testing the monkey following its discovery. We affirm both the convictions and the restitution order.

## I. Duplicity of Indictment

Defendants claim that Count 2–the substantive offense of violating 18 U.S.C. § 545–is duplicative. To determine whether a single statute creates separate offenses, which must be charged in separate counts, or simply describes alternative means of committing the same crime, which may be charged in a single count, we consider the factors identified in *United States v. UCO Oil Co.*, 546 F.2d 833, 836-38 (9th Cir. 1976): the language of the statute, the legislative history, the type of conduct proscribed, and the appropriateness of multiple punishment for the conduct charged. *See United States v. Arreola*, 467 F.3d 1153, 1157 (9th Cir. 2006). We agree with the district court's analysis that the second paragraph of 18 U.S.C. § 545 describes

2

alternative means of committing a single crime, which were permissibly included in a single count. *See United States v. Lawson*, 618 F. Supp. 2d 1251, 1255-56 (E.D. Wash. 2009).

With respect to Count 1, Defendants claim the indictment is duplicitous because the government alleged a conspiracy to violate both paragraphs one and two of § 545. Although this court has recognized that these two paragraphs describe two offenses, *Olais-Castro v. United States*, 416 F.2d 1155, 1157-58 (9th Cir. 1969), even assuming Defendants are correct, there is no duplicity because an agreement to commit multiple crimes may be alleged in a single count. "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'" *United States v. Smith*, 891 F.2d 703, 712 (9th Cir. 1989) (quoting *Braverman v. United States*, 317 U.S. 49, 54 (1942)).[1]

---

[1] With respect to both counts, we also note that even if the counts *were* duplicitous, the jury verdict form cured any alleged defect in the indictment because it required all members of the jury to agree as to which of the distinct actions Defendants committed. *See United States v. Ramirez-Martinez*, 273 F.3d 903, 915 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007).

## II.     Venue

The district court correctly concluded that venue was proper in the Eastern District of Washington for both counts. *Lawson*, 618 F. Supp. 2d at 1259-60. Venue was proper with respect to Count 1 because "[v]enue for a conspiracy charge is appropriate in any district where an overt act committed in the course of the conspiracy occurred." *United States v. Corona*, 34 F.3d 876, 879 (9th Cir. 1994) (citation and internal quotation marks omitted). Defendants rented a car and drove to the Eastern District of Washington in possession of the monkey, thereby facilitating the transportation of the monkey after importation (violating § 545 and, as we construed the indictment above, achieving an object of the conspiracy). Co-conspirator James Pratt also testified that after a friend warned him authorities were looking for him, he moved the monkey and some other items to avoid discovery and seizure of the monkey; this testimony also supports the concealment of the monkey under § 545.

Venue on the substantive Count 2 was proper pursuant to 18 U.S.C. § 3237(a), which provides, in relevant part:

> Any offense involving . . . the importation of an object or person into the United States *is a continuing offense* and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted *in any district from, through, or into which such . . . imported object or person moves.* (emphasis added).

4

*See United States v. Barnard*, 490 F.2d 907, 911 (9th Cir. 1973) (importation of marijuana a continuing offense under § 3237, so airplane flight in airspace over district was sufficient to confer venue).

## III.    Variance/Constructive Amendment

Defendants claim that Count 1 was constructively amended because it alleged conspiracies of smuggling, concealing, and receiving, but the jury was instructed and found conspiracies of importing, concealing, and facilitating transportation of the monkey.  Our holding above, however, foreclose this claim. Count 1 sufficiently alleges a violation of the second paragraph of § 545, which, as discussed above, includes various means of committing a single offense, including importing, concealing, and facilitating transportation of merchandise.  *See United States v. Lo*, 231 F.3d 471, 481 (9th Cir. 2000) ("[A] conspiracy indictment need not allege the offense that is the object of the conspiracy with the same precision as would be necessary where that offense is itself the crime charged.").

Although Defendants complain the indictment was amended to "delete" smuggling and receiving, it matters not that the jury was not instructed on paragraph one of § 545 or on every method of violating the second paragraph of § 545, as the government is free to charge in the conjunctive but prove in the disjunctive.  *See United States v. Booth*, 309 F.3d 566, 572 (9th Cir. 2002); *see also Lawson*, 618 F.

Supp. 2d at 1260-61. Similarly, because venue was proper as to both counts, the claim that Count 2 was somehow amended to exclude proof of venue also fails.[2]

## IV. "Contrary to Law"

Under our precedent in *United States v. Alghazouli*, a regulation may constitute a "law" within the meaning of § 545 "if there is a statute (a 'law') that specifies that violation of that regulation is a crime." 517 F.3d 1179, 1187 (9th Cir. 2008). The indictment alleged that Defendants' actions violated federal regulations implementing the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES treaty")[3]; in turn, the Endangered Species Act ("ESA") makes it unlawful to violate the CITES treaty and imposes criminal penalties for violation of regulations implementing the CITES treaty. 16 U.S.C. §§ 1538(c)(1), 1540(b)(1).

---

[2] In passing, Defendants also mention that the court failed to properly instruct the jury on venue. Even assuming this is sufficient to preserve the argument on appeal, any error was harmless beyond a reasonable doubt and would not require reversal. *See United States v. Casch*, 448 F.3d 1115, 1117-18 (9th Cir. 2006).

[3] T.I.A.S. No. 8249, 27 U.S.T. 1087.

The ESA regulations thus suffice as "law" within the meaning of § 545 under *Alghazouli*.[4]

Because the potential penalty under § 545 is significantly greater than the penalty for the underlying ESA violations, Defendants urge us to avoid this "merger" problem and construe "law" in § 545 more narrowly. In *United States v. Santos*, 553 U.S. 507 (2008), the Supreme Court avoided merging various underlying transactions with the money laundering statute, which would have subjected the defendants to greater penalties, by reading the ambiguous term "proceeds" to mean "profits" rather than "receipts." But *Santos* turned on the specific language of the money-laundering statute at issue there, and we are not writing on a clean slate. We have already interpreted the ambiguous term "law" in § 545 in *Alghazouli*, after a thorough analysis of § 545's legislative history, including the meaning of "law" in the 1866, 1922, and 1930 Tariff Acts and the Patriot Reauthorization Act of 2006. 517 F.3d at 1183-88. *Santos* is not sufficiently on point to call into question our prior analysis, and thus we

---

[4] To the extent Defendants argue the court erred by also including in the jury instructions customs declaration regulations which do not carry a criminal penalty, any error is harmless beyond a reasonable doubt, as Defendants do not claim that there was any evidence indicating they complied with any of the relevant ESA/CITES treaty regulations, which do carry criminal penalties.

remain bound by *Alghazouli*. *See Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).

## V.   Sufficiency of Evidence

Although Defendants claim that the government had to prove that the type of monkey was a Rhesus Macaque, as charged in the indictment and jury instructions, the government was only required to prove that Defendants imported "merchandise" contrary to law.   As the district court correctly held, because all subspecies of monkeys are listed in either Appendix I or Appendix II of the CITES treaty, the government did not need to establish the particular genus or taxon to prove that the importation violated the relevant regulations.   *Lawson*, 618 F. Supp. 2d at 1257-58. Any reference to the specific type of monkey in the indictment was surplusage.   *See United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986).

## VI.   Agent Roberts's testimony

Assuming without deciding that the district court abused its discretion by permitting Agent Roberts to comment about the evidence such as emails, the travel journal, and photos of the trip to Thailand, any error was harmless beyond a reasonable doubt.   Defendants do not contest that the materials themselves were properly admitted, and the actual entries and photographs are far more prejudicial and damaging than any testimony by Agent Roberts.

8

## VII. Lesser-Included Offense

The district court did not err by refusing to instruct the jury on the misdemeanor provisions of the Lacey Act, 16 U.S.C. §§ 3371-3378, as a lesser-included offense of 18 U.S.C. § 545. The Lacey Act requires proof that the defendant imported "fish or wildlife" while § 545 requires proof of the importation of any "merchandise." Because the Lacey Act is not a subset of the greater offense and because it would be possible to violate § 545 without violating the Lacey Act, it is not a lesser-included offense and no instruction was required. *See United States v. Pierre*, 254 F.3d 872, 875 (9th Cir. 2001); *United States v. Nichols*, 9 F.3d 1420, 1421-22 (9th Cir. 1993) (per curiam).

## VIII. Restitution

The district court did not abuse its discretion by ordering Defendants to pay approximately $4,500 in restitution for transport, testing, and quarantine of the monkey. The district court did not clearly err in determining that quarantining and testing of the monkey was required to avoid the potential spread of disease and that the method of transporting the monkey was also necessary under the circumstances. The costs incurred here are properly characterized as a direct and proximate result of Defendants' crime. *Cf. United States v. De La Fuente*, 353 F.3d 766, 772 (9th Cir. 2003). By circumventing the legal requirements of bringing a primate into the United

States, Defendants created one of the very risks the laws were designed to avoid—the danger that an uninspected animal might bring a communicable disease into the country. The transport, quarantine, and testing of the animal was thus not unreasonably attenuated from the offense. *See United States v. Gamma Tech Indust., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001).

**AFFIRMED**.