UNITED STATES of America, Plaintiff–Appellee,

v.

**Javid NAGHANI, Defendant–Appellant.**

No. 02–50168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Filed March 26, 2004.

Gail Ivens, Glendale, CA, for the defendant-appellant.

Elizabeth R. Yang, Assistant United States Attorney, Terrorism and Organized Crime Section, Los Angeles, CA, for the plaintiff-appellee.

Before: BEEZER and FISHER, Circuit Judges, and ENGLAND, JR., District Judge.*

FISHER, Circuit Judge:

Sixteen days after September 11, 2001, Javid Naghani, a passenger on Air Canada Flight 792, went to the lavatory shortly after take-off from Los Angeles International Airport and lit a cigarette, setting off a smoke alarm. When flight attendants came to investigate, a verbal confrontation ensued, beginning with Naghani's initial refusal to admit to smoking or reveal where he had put whatever had caused the smoke and concluding with Naghani's purported threat that either he or his people would "kill all Americans." Naghani, an Iranian national and United States resident alien who speaks with an accent, denied making these remarks or refusing to cooperate. A jury nonetheless convicted him, and the district court sentenced him to 33 months imprisonment for interfering with the duties of flight attendants in violation of 49 U.S.C. § 46504.

Naghani now appeals on five grounds, arguing that: (1) § 46504 is unconstitutionally void for vagueness as applied to some of his actions; (2) the jury may have relied on an impermissible legal theory in convicting him; (3) there was insufficient evidence to support his conviction; (4) the district court erroneously failed to instruct the jury that it could convict him for a lesser included offense—smoking on the airplane; and (5) the district court incorrectly applied the term "recklessly" under United States Sentencing Guidelines § 2A5.2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

1. We recount the two versions, but in our analysis we must view the evidence in the light most favorable to the government. *United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002).

## I.

On September 27, 2001, Naghani boarded Air Canada Flight 792 at Los Angeles International Airport after consuming several alcoholic drinks in the airport lounge. He immediately attracted the attention of flight attendants by pre-boarding with his wife and their small dog despite not being elderly or disabled, and by appearing agitated.

At some point just before or after the fasten-seat-belt sign went off, Naghani got up from his seat and went into the rear lavatory, tripping and falling against flight attendant Natasha Kecskemeti. Once in the lavatory, Naghani lit a cigarette, setting off the airplane's smoke alarm. Flight attendant Natalie Frechette knocked on the door and, not receiving a response, retrieved a fire extinguisher. Naghani flushed the cigarette down the toilet. Other flight attendants knocked on the door, which Naghani finally opened. The attendants saw a cloud of smoke and Naghani standing with a pack of cigarettes in his hand.

There was conflicting testimony as to what happened thereafter.[1] The flight attendants said that Naghani initially denied smoking and that even when he did admit smoking, Frechette had to ask him two to four times where he had placed the cigarette butt before he answered. Naghani, however, testified that he immediately admitted that he had been smoking, that he handed over his cigarettes after being asked twice and that he immediately told the attendants that he had flushed the butt down the toilet.

Naghani was made to sit in a jump seat near the lavatory and became angry when he was told by in-charge flight attendant Roman Dubejsky that the plane might have to return to Los Angeles. At this point, Naghani made other comments to Dubejsky, the substance of which is disputed. Frechette and Kecskemeti, who were standing a few feet away and overheard the "angry and loud" remarks, testified that they heard Naghani say he was wealthy, had many employees and would sue Air Canada. They also testified that they heard him state either that "my people will kill all Americans" or "I will kill all Americans." Naghani, a native Farsi speaker who speaks English with an accent, denied making this statement. He testified that he had explained that he was the president of a janitorial company called "Cleaning of America," and that he had to make payroll for his employees on the following Monday.

On October 5, 2001, Naghani was named in a single-count indictment, charging him with interference with flight attendants' duties by an act of intimidation in violation of 49 U.S.C. § 46504. Naghani pled not guilty, and a three-day jury trial began on December 4, 2001. During the trial, the district court denied Naghani's motion for acquittal at the close of the evidence and also rejected a jury instruction that would have listed smoking on an airplane in violation of 49 U.S.C. § 41706 as a lesser included offense within § 46504. On December 6, the jury returned a general verdict of guilty.

At sentencing on March 18, 2002, the district court applied a base offense level of 18 pursuant to U.S.S.G. § 2A5.2, finding that Naghani had acted "recklessly." As a result, Naghani received a 33–month sentence. He filed a timely notice of appeal three days later.

## II.

Two of Naghani's challenges to his conviction hinge on his factual claim that the government's presentation of the case led the jury to believe that it could convict Naghani solely for actions such as smoking in the lavatory or threatening to sue the airline. He asserts that a conviction based on these lesser actions (1) would be an unconstitutionally vague application of § 46504 and, relatedly, (2) that the jury was presented with a combination of a legally permissible theory (that he could be convicted for threatening to "kill all Americans") with a legally impermissible theory (that he could be convicted for smoking in the lavatory or threatening to sue). Although these arguments overlap, we address each in turn.

### A. Vagueness

■ Naghani did not raise a vagueness challenge below, but a defendant may attack the constitutionality of the law under which he is charged for the first time on appeal. *See United States v. Gilbert*, 813 F.2d 1523, 1528–29 (9th Cir.1987). We review the issue de novo. *See id.* at 1526.

■ "A statute is void for vagueness if its prohibitions are not clearly defined, because people of ordinary intelligence ought to be able to know what is prohibited, and laws must provide explicit standards for those who apply them to avoid arbitrary and discriminatory enforcement by police, judges and juries." *United States v. Harris*, 185 F.3d 999, 1004 (9th Cir.1999); *see also City of Chicago v. Morales*, 527 U.S. 41, 56, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999); *United States v. Dahl*, 314 F.3d 976, 978–79 (9th Cir.2002). Naghani does not challenge the statute on its face. Nor does he allege that First Amendment rights are at issue. Consequently, we "need only examine the vagueness challenge under the facts of the par-

ticular case and decide whether, under a reasonable construction of the statute, the conduct in question is prohibited." *United States v. Fitzgerald,* 882 F.2d 397, 398 (9th Cir.1989).

> Section 46504 states in pertinent part:
>
> An individual ... who, by assaulting or intimidating a flight crew member or flight attendant of the aircraft, interferes with the performance of the duties of the member or attendant or lessens the ability of the member or attendant to perform those duties, or attempts or conspires to do such an act, shall be fined under title 18, imprisoned for not more than 20 years, or both.

49 U.S.C. § 46504. Our circuit has defined intimidation under the predecessor statute to § 46504 as "conduct and words of the accused [that] would place an ordinary, reasonable person in fear." *United States v. Meeker,* 527 F.2d 12, 15 (9th Cir.1975) (interpreting 49 U.S.C. § 1472(j)).[2]

 Naghani argues that neither his illicit smoking nor his threat to sue the airline would be reasonably understood to be acts of intimidation that would have created fear on the part of the flight attendants. He concedes, of course, that a threat to "kill all Americans" would clearly satisfy the statute. Parsing the government's closing argument, however, he con-

tends the jury verdict could have been based solely on his smoking or his threat to sue.[3]

Had the government so presented the case, Naghani's argument would have some force, because it is unlikely that the simple act of sneaking a smoke in the lavatory or threatening to file a lawsuit could satisfy the meaning of intimidation under § 46504. Although portions of the government's argument came perilously close to isolating setting off a smoke alarm or threatening to sue as themselves criminal acts of intimidation, we ultimately conclude that Naghani has improperly characterized the government's presentation of its case. Read fairly and in context, we think it is clear that the government was tying all of Naghani's actions together as an escalating course of events—which began by his creating an unexplained source of smoke and resultant alarm (the missing lit cigarette) and culminated in his overt threat of bodily harm ("kill all Americans"), combined with his aggressive, confrontational, uncooperative behavior throughout. Indeed, the government throughout its argument referred the jury to Naghani's "entire course of conduct," "whole course of conduct" and "whole range of conduct."

Because we conclude that the verdict rests on the totality of Naghani's conduct,

---

**2.** 49 U.S.C. § 1472(j) provided in pertinent part:

> Whoever, while aboard an aircraft within the special aircraft jurisdiction of the United States, assaults, intimidates, *or threatens* any flight crew member or flight attendant ... of such aircraft, so as to interfere with the performance by such member or attendant of his duties or lessen the ability of such member or attendant to perform his duties, shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

49 U.S.C. § 1472(j) (1994) (emphasis supplied). Congress in revising the statute omitted the words "or threatens" as being includ-

ed in "intimidating." H.R.Rep. No. 103–180, at 390 (1993), *reprinted in* 1994 U.S.C.C.A.N. 818, 1207.

**3.** The district court instructed the jury that:

> A defendant intimidates a flight attendant or flight crew member if the words and conduct of the defendant would place an ordinary reasonable person in fear. The government does not need to prove that the flight attendant or flight crew member was in fact frightened for his or her own safety.

Naghani conceded at oral argument that he is not arguing that the jury instruction regarding § 46504 was in error.

including the threat to"kill all Americans," we hold that § 46504 is not unconstitutionally vague as applied to his actions. We therefore need not address whether § 46504 would be unconstitutionally vague if applied to the isolated acts of smoking in an airplane or threatening to sue an airline. *See United States v. Tabacca,* 924 F.2d 906, 912 (9th Cir.1991) ("It is not necessary to address whether the statute is vague as to its other potential applications.").[4]

**B. Legally impermissible theory**

■ "Where a jury returns a general verdict that is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained" because "jurors, as non-lawyers, cannot be expected to eliminate the legally impermissible option." *United States v. Fulbright,* 105 F.3d 443, 451 (9th Cir.1997) (emphasis omitted); *see Yates v. United States,* 354 U.S. 298, 312, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957) (reversing conviction based on general verdict that may have rested on legally inadequate ground—*i.e.,* one barred by an expired statute of limitations), *overruled on other grounds by Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). Naghani's argument that the government

urged conviction on grounds that he asserts § 46504 does not proscribe (smoking and threatening to sue) is a *Yates* type of claim. We need not resolve the merits of Naghani's theory, however, because we do not agree with his interpretation of the government's closing argument.

**III.**

■ Naghani asserts that there was insufficient evidence to support his conviction. Claims of insufficient evidence are reviewed de novo where, as here, a motion for acquittal is made at the close of the evidence. *United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 641–42 (emphasis in original) (internal quotation marks omitted).

Naghani argues that his threats were directed at Dubejsky, not Kecskemeti and Frechette who merely overheard the threats, and that there was insufficient evidence presented that any intimidation resulted in interference with Dubejsky's duties. Naghani notes that the only evi-

---

4. The government has suggested a narrowing construction of the statute, asserting that "the element of intimidation by its very nature clearly contemplates the use or threatened use of force." Government's Answering Brief at 20. It is difficult to envision how a threat to sue or the mere act of smoking in a lavatory, in the absence of some more egregious behavior or overt threat such as Naghani's here, would constitute "the use or threatened use of force." Because Naghani concedes that a threat to "kill all Americans" violates the statute and because we reject his claim that the government sought a conviction based on his smoking or litigious threats by themselves, we leave for another day the question of whether § 46504 requires the use or threatened use of force.

Notably, the government's limiting interpretation of the statute would be consistent with our prior cases, which all involved defendants who used, or threatened to use, force. *See, e.g., United States v. Compton,* 5 F.3d 358, 359–60 (9th Cir.1993) (bomb threat); *Tabacca,* 924 F.2d at 911 (defendant grabbed and shoved flight attendant); *United States v. Henderson,* 680 F.2d 659, 661 (9th Cir.1982) (defendant knocked down and repeatedly struck passenger); *Meeker,* 527 F.2d at 13–15 (defendant repeatedly hit another passenger; struck the co-pilot and an off-duty flight engineer; refused to be seated; and thereafter had to be wrestled to the floor and strapped down by the pilot while kicking, flailing and spewing invectives).

dence of interference went to Kecskemeti's and Frechette's duties. In short, he argues that the government presented evidence only of intimidation of Dubejsky, while the evidence of interference with duties related only to the other two attendants.

■ This argument incorrectly presumes that Naghani could not have intimidated Frechette and Kecskemeti, who testified that they overheard the threat. Section 46504 does not require a "one-on-one type of confrontation," because"[o]ne person in a group can be intimidated by threats directed at the group in general." *Meeker*, 527 F.2d at 15. The two flight attendants testified that they clearly heard Naghani threaten to "kill all Americans." As discussed above, a rational trier of fact could conclude that this threat would place an ordinary reasonable person in fear. *See id.* Indeed, evidence was presented that the flight attendants actually were afraid as a result of Naghani's threatening words and conduct.

Not only was there sufficient evidence that Frechette and Kecskemeti were intimidated, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Naghani's actions prevented the two attendants from tending to their normal duties. Naghani's insufficient evidence claim therefore fails.

### IV.

■ Naghani asserts that the trial court erred by refusing to instruct the jury that it could also find him guilty of 49 U.S.C. § 41706, which prohibits smoking on aircraft and which he claims is a lesser included offense within § 46504.

■ A lesser included offense instruction is proper where (1) the offense on which the instruction is sought is a lesser included offense in the offense charged and (2) the jury could rationally conclude that the defendant was guilty of the lesser but not of the greater offense. *United States v. Fejes,* 232 F.3d 696, 703 (9th Cir.2000). We review the first step de novo, and the second for abuse of discretion. *United States v. Vaandering,* 50 F.3d 696, 703 (9th Cir.1995).

■ An offense is a lesser included offense of the offense charged where "the elements of the lesser offense are a subset of the elements of the charged offense." *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). No instruction is to be given "[w]here the lesser offense requires an element not required for the greater offense." *Id.* The offense of smoking in violation of § 41706 consists of two elements: the defendant (1) was on an aircraft in scheduled passenger interstate or intrastate air transportation and (2) smoked while on board the aircraft. 49 U.S.C. § 41706(a). The elements of the offense of intimidation in violation of § 46504 are: the defendant (1) was on an aircraft in the special aircraft jurisdiction of the United States; (2) assaulted or intimidated a flight attendant or flight crew member; and (3) in doing so, interfered with the performance of the duties or lessened the ability of the flight attendant or flight crew to perform those duties, or attempted or conspired to do such an act. 49 U.S.C. § 46504. Because smoking is an element of the offense covered by § 41706(a), but is not an element of the offense covered by § 46504, violation of § 41706(a) is not "necessarily included" in a violation of § 46504. *See United States v. Nichols,* 9 F.3d 1420, 1422 (9th Cir.1993) (per curiam) (describing requirements for a lesser included offense instruction).

■ Naghani argues a lesser included offense instruction should have been given because the government's proof of the intimidation charge included evidence that

Naghani had smoked on the airplane. Under the "elements test" that we apply in this circuit, however, no instruction is given if the offense requires an element not required for the greater offense, "even if the prosecution proved that element of the lesser offense in support of its charge of the greater offense." *Nichols*, 9 F.3d at 1422. Thus the district court did not err in rejecting Naghani's lesser included offense instruction.

## V.

■■■■■ Finally, Naghani claims that the district court misapplied the Sentencing Guidelines when it found that he had "recklessly endangered" the flight attendants' safety and applied a base sentencing level of 18. A district court's application of the Sentencing Guidelines to the facts is reviewed for abuse of discretion, and the findings of fact underlying the sentencing decision are reviewed for clear error. *United States v. Robinson*, 94 F.3d 1325, 1327 (9th Cir.1996).

U.S.S.G. § 2A5.2, which governs convictions under § 46504, does not define "recklessly." Both parties point to Application Note 1 to U.S.S.G. § 2A1.4, which defines "reckless" in the context of involuntary manslaughter as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation."

The district court found that Naghani had acted recklessly based on the entire course of Naghani's alleged conduct. The district court properly found that Naghani was aware of the risk created by his smoking, obstreperous behavior and threats, and that such conduct constituted a gross deviation from a standard of ordinary care. Naghani should have been aware that his behavior would divert the flight attendants' attention from their duties and require their presence. If an actual emergency had arisen at another part of the plane, the distraction would have delayed, and perhaps prevented, an effective response by the flight attendants.[5]

**AFFIRMED.**

---

**5.** To the extent Naghani raises his intoxication as a challenge to the district court's finding of recklessness, that claim is rejected. Naghani had been involved in previous drunk-driving incidents and admitted that he was "afraid to fly," had "a tendency to become garrulous under the influence of alcohol" and sometimes lost control of his actions when intoxicated. Naghani therefore should have known that "the combination of intoxication and air travel could lead to dangerous consequences." *United States v. Jenny*, 7 F.3d 953, 957 (10th Cir.1993) (holding that the defendant had the "foreknowledge" required of recklessness).