**UNITED STATES OF AMERICA, Plaintiff—Appellee,**

v.

**William DEWALT, Defendant—Appellant.**

No. 04–30107.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2005.

Decided Feb. 24, 2005.

Joshua A. Van De Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

David S. Cohen, Edward Siskel, Wilmer Cutler Pickering, LLP, Washington, DC, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, and GRABER, and FISHER, Circuit Judges.

## MEMORANDUM *

Defendant William DeWalt stands convicted, after a jury trial, of distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.

■ 1. On de novo review, *United States v. Naghani,* 361 F.3d 1255, 1261 (9th Cir.), *cert. denied,* —— U.S. ——, 125 S.Ct. 341, 160 L.Ed.2d 247 (2004), we hold that the evidence was sufficient to support the conviction under § 841(a)(1). Defendant sold 20 "Methadose" brand methadone pills to the decedent. One Methadose brand pill was found in the decedent's possession at the time of his death, which occurred not long after this sale. The decedent died of a methadone overdose. Although the defense argued that the decedent traded Methadose brand pills with Wiren for "Roxane" brand pills, Wiren denied the trade. A rational finder of fact could find causation beyond a reasonable doubt.

■ 2. We review for abuse of discretion the district court's denial of Defendant's motion for a new trial based on newly discovered evidence. *United States*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*v. Holmes,* 229 F.3d 782, 789 (9th Cir. 2000). We find no abuse of discretion. The district court observed that the witness "did not demonstrate mental clarity or even moderate communication skills" and that her testimony was so subject to impeachment in various respects that it would not have affected the outcome of the trial.

3. On de novo review of the sentencing issue, *United States v. Tighe,* 266 F.3d 1187, 1190 (9th Cir.2001), we find no error. The holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains good law even after *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *United States v. Quintana–Quintana,* 383 F.3d 1052, 1052–53 (9th Cir.2004), *cert. denied,* —— U.S. ——, 125 S.Ct. 1100, 160 L.Ed.2d 1085, 2005 WL 127012 (U.S. Jan. 24, 2005) (No. 04–7813). In addition, *United States v. Booker,* —— U.S. ——, ———–——, 125 S.Ct. 738, 755–56, 160 L.Ed.2d 621 (2005), which applies *Blakely* to the federal Sentencing Guidelines, does not affect the holding in *Almendarez–Torres.*

AFFIRMED.