**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Joel Andrew WYATT, aka "Lupine"; Rebecca Kay Smith, Defendants— Appellants.**

No. 04–30316.
D.C. No. CR–02–00036–DWM/LBE.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 8, 2005.

Decided May 26, 2005.

Joshua A. Van de Wetering, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., David C. Avery, Esq., Federal Defenders of Montana, Missoula, MT, for Defendants–Appellants.

Before O'SCANNLAIN, MCKEOWN, and BEA, Circuit Judges.

## MEMORANDUM *

Joel A. Wyatt and Rebecca Kay Smith (collectively "defendants") appeal their convictions for (1) using, or aiding and abetting the use of, a hazardous or injurious device on federal land with the intent to obstruct a timber harvest; and (2) maintaining an unauthorized structure on National Forest land. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The parties are familiar with the facts and we do not recount them here except as necessary. Defendants raise multiple issues, which we consider below.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. By published opinion filed concurrently

### 1. Sufficiency of the Evidence

█ Because defendants moved for acquittal on Count 1, we review their sufficiency of the evidence claim *de novo*. *See United States v. Naghani*, 361 F.3d 1255, 1261 (9th Cir.2004). Considered in the light most favorable to the prosecution, sufficient evidence exists to establish all five of the elements of 18 U.S.C. § 1864(a)(2). First, although the record does not show any direct evidence defendants strung the yellow ropes themselves, the aiding and abetting element is established because defendants knew the purpose of the yellow ropes was to interfere with helicopter operations at the site, knew that their presence in the trees by itself would hinder helicopter landings in the protest area, and were in a position on the platforms to assert control over the yellow ropes. There was also evidence the yellow ropes were tied to the trees occupied by defendants, within reach of defendants (themselves four to nine stories above the ground), and that the yellow ropes were adjusted during the time defendants were stationed in their respective trees. Considering that evidence in the light most favorable to the prosecution, *see Naghani*, 361 F.3d at 1261, a rational jury could conclude that defendants at least aided in the use of the yellow ropes. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."); *United States v. Castro*, 887 F.2d 988, 995 (9th Cir.1989) (to convict for aiding and abetting under 18 U.S.C. § 2, "a jury must find beyond a reasonable doubt that the defendant willingly associated himself with a criminal venture and participated therein as something he wished to

bring about.") (internal quotation marks omitted).

Second, the statutory definition of the term "hazardous or injurious device" specifically includes "lines or wires," 18 U.S.C. § 1864(d)(3), which encompasses defendants' yellow ropes. Here, there was sufficient evidence the use of the yellow ropes posed a danger to helicopters because they could interfere either with the logging helicopters or with emergency medical helicopters, and such interference could have resulted in a helicopter crash.

Third, there is no dispute in the record that the protest site was on National Forest Service land, and fourth, was without the consent of the United States.

Fifth, as to intent to obstruct or harass the harvesting of timber, both defendants testified they knew they were occupying a proposed helicopter landing site, and their occupancy would prevent helicopters from using the site. That interference obstructed logging helicopters from harvesting timber, and obstructed emergency medical helicopters from being available to serve the loggers. Accordingly, there is sufficient evidence to support defendants' convictions under 18 U.S.C. § 1864(a).

### 2. Bret Daugherty's Claimed "Hearsay" Testimony

█ Even though Daugherty referred during cross examination to a writing that reflected the designation of the protest site as an emergency medical helicopter landing site, Daugherty's testimony was not based upon that document, nor did he refer to it during direct examination. Writing down the designation of the site on a form did not transform into a hearsay statement Daugherty's act of designating

---

herewith, we decide whether 18 U.S.C. § 1864(a), which prohibits the use of hazardous or injurious devices on federal land, is

unconstitutionally vague as applied here. We decide defendants' remaining contentions in this memorandum disposition.

the site. *See* FED.R.EVID. 801(c). The magistrate judge did not err in admitting the testimony.

### 3. Affirmative Defense of Entrapment by Estoppel

■ Defendants contend the magistrate judge erred in refusing an entrapment by estoppel jury instruction, which defendants offered as a defense to both Counts 1 and 2. We review *de novo* a district court's refusal to provide a requested jury instruction on an entrapment by estoppel defense. *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir.2004). A defendant is entitled to an instruction concerning his theory of defense only "if it is supported by law and has *some foundation in the evidence.*" *United States v. Zuniga*, 6 F.3d 569, 570 (9th Cir.1993) (emphasis in original).

The record contains no evidence government officials affirmatively told either defendants or the ground protesters (who were relaying information to defendants by walkie-talkie) that the use of the ropes over the helicopter landing site, or the maintenance of the unauthorized structures in the trees, was permissible. Defendants point to statements made by Ellen Davis, a public affairs specialist with the U.S. Forest Service. Even if Davis could be considered an "authorized government official, empowered to render the claimed erroneous advice," *see Batterjee*, 361 F.3d at 1216, and Davis's statements were an affirmative misrepresentation that defendants' conduct was permissible, *see id.*, there was no evidence Davis was "aware of all the relevant historical facts" (*i.e.*, of the presence of the lines or wires or of the designation of the medical emergency landing site by Daughtery) when she made her statements. *See id.* The magistrate judge did not err in refusing the jury instruction.

### 4. Restitution Order

■ We review *de novo* the magistrate judge's order for defendants to pay restitution pursuant to 18 U.S.C. § 3563(b)(2). *See United States v. Phillips*, 367 F.3d 846, 854 (9th Cir.2004). We have "adopted a broad view of the restitution authorization. We ask whether the costs were incurred as a 'direct and foreseeable result' of the defendant's wrongful conduct." *Id.* at 863.

Here, the magistrate judge did not err in ordering Wyatt and Smith to pay restitution costs for their respective medical expenses, and for Smith to pay for the cost of the cherry picker crane used to remove her from the tree. Those costs were a "direct and foreseeable result" of defendants refusing to descend from the trees.

### 5. Probation Condition

■ We review for plain error the magistrate judge's imposition of the probation condition prohibiting defendants from entering any National Forest land except when accessing wilderness areas because defendants did not object to the condition before that same magistrate judge. *See United States v. Rearden*, 349 F.3d 608, 618 (9th Cir.2003).

The forest restriction here is reasonably related to protecting the public by limiting defendants from areas where they might criminally interfere with logging operations. *See United States v. Juvenile Male # 1*, 38 F.3d 470, 473 (9th Cir.1994). Their conduct at the protest site was located on National Forest land, and logging activity continues there. Preventing defendants from again interfering with logging operations will serve the interest of protecting the public. *See* 18 U.S.C. § 3553(a)(2)(C). Thus, the magistrate judge did not commit plain error in imposing the forest restriction on defendants.

Defendants' citation to *United States v. Wise*, 391 F.3d 1027 (9th Cir.2004) is inapposite. We have rejected a notice requirement for an imposed condition of supervised release where the condition is listed as a discretionary condition of supervised release within the U.S. Sentencing Guidelines, *see United States v. Lopez*, 258 F.3d 1053, 1056 (9th Cir.2001), and 18 U.S.C. § 3563(b)(6) allows as a discretionary condition of probation for a court to require "that the defendant ... refrain from frequenting specified kinds of places...." The magistrate judge did not plainly err in imposing the condition.

AFFIRMED.