**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sanae KOHIKI, a/k/a Sange Kohiki,
Defendant—Appellant.**

**No. 03–50440.**

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 2, 2004.

Submitted July 11, 2005.

Decided July 11, 2005.

Alicia Villarreal, Esq., Brian D. Hershman, Esq., USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Paul L. Hoffman, Esq., Schonbrun Desimone Seplow Harris & Hoffman, LLP, Venice, CA, Harland W. Braun, Esq., Harland W. Braun Law Offices, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Sanae Kohiki appeals her conviction on four counts of mail fraud. We affirm the conviction but remand for resentencing in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

█ Kohiki first contends that the Government failed to prove she had a specific intent to defraud. To support a mail fraud conviction, the government must prove specific intent to defraud, but such intent "may be inferred from the defendant's statements and conduct." *See United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir.1979). Moreover, one who acts with reckless indifference as to whether a representation is true or false is chargeable with knowledge of its falsity. *See United States v. Love*, 535 F.2d 1152, 1157–58 (9th Cir.1976). Here, the Government properly offered circumstantial evidence of Kohiki's state of mind, and the jury reasonably could have concluded that she knew she was participating in a fraud. *See United States v. Plache*, 913 F.2d 1375, 1380–81 (9th Cir.1990); *see also United States v. Naghani*, 361 F.3d 1255, 1261 (9th Cir. 2004), *cert. denied*, —— U.S. ——, 125 S.Ct. 341, 160 L.Ed.2d 247 (2004). Moreover, the evidence showed Kohiki was knowledgeable concerning business matters and was substantially involved in the management and operations of Pacific

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Bancom, distinguishing her case from *United States v. Price*, 623 F.2d 587, 590–591 (9th Cir.1980). Accordingly, this claim fails.

Kohiki next charges the Government with numerous instances of prosecutorial misconduct. Most significant is her allegation the Government suppressed an exculpatory statement allegedly made by one of her associates. The district court found, however, that the exculpatory statement was never made. We defer to that finding, which rests on the court's assessment of witness credibility. *See McClure v. Thompson*, 323 F.3d 1233, 1240–41 (9th Cir.), *cert. denied*, 540 U.S. 1051, 124 S.Ct. 804, 157 L.Ed.2d 701 (2003). Kohiki's other charges of prosecutorial misconduct are unpersuasive. This claim also fails.

 Kohiki also urges us to reverse her conviction because of judicial misconduct. While the record contains a question by the district court that was not appropriate, the court's subsequent instruction, which the jury is presumed to have followed, was sufficient to cure the error. *See United States v. Larson*, 507 F.2d 385, 389–90 (9th Cir.1974). Kohiki's citation to our recent decision in *United States v. Combs*, 379 F.3d 564 (9th Cir.2004), does not compel a reversal because, unlike *Combs*, the district court here gave a specific curative instruction to the jury.

Kohiki's remaining arguments challenging the district court's evidentiary rulings and conduct during trial are unavailing. We therefore affirm the judgment of conviction.

Kohiki challenges her sentence for the first time on appeal relying on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), contending that in the course of sentencing, the district court made factual findings which it used to increase her sentence beyond the maximum allowed by the jury's verdict. Because the Sentencing Guidelines are no longer binding-and we cannot ascertain whether the district court would have imposed a different sentence under a discretionary regime-we remand to the district court for reconsideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

The judgment of conviction is AFFIRMED. The cause is REMANDED for reconsideration of the defendant's sentence.