UNITED STATES of America,
Plaintiff—Appellee,

v.

**Edward DEE, Defendant—Appellant.**

No. 06–30057.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 28, 2006.

Filed Aug. 9, 2006.

Craig W. Haller, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: WALLACE, WARDLAW and FISHER, Circuit Judges.

### MEMORANDUM *

Edward Dee appeals his sentence of 18 months' imprisonment following his guilty plea and conviction for assaulting or intimidating a flight attendant and thereby interfering with a flight attendant's performance of his duties, in violation of 49 U.S.C. § 46504. The government on appeal does not contest Dee's contention that the district court imposed the above-guideline 18–month sentence based in part on Dee's failure to appear at two change-of-plea hearings, even though the guideline calculation already included a two-level enhancement for Dee's failure to appear. We find the record to be ambiguous in that regard, however, and thus vacate Dee's

sentence and remand to allow the district court to clarify the basis for its sentence.

We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we review the district court's decision to impose a sentence greater than the applicable guideline range for reasonableness. *See United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006).

It is undisputed that the district court correctly calculated Dee's guideline range as four to 10 months' imprisonment. This calculation included a base offense level of nine, a two-level increase for obstruction of justice based on Dee's failure to appear at two change-of-plea hearings, a two-level decrease for acceptance of responsibility, and a criminal history category of one. The district court then imposed a sentence of 18 months' imprisonment, citing Dee's history of violent and abusive behavior, which was excluded from his criminal history because of the age of his prior convictions, and the seriousness of his offense. It is unclear whether the court also considered Dee's failures to appear in setting the ultimate sentence.

In initially outlining its reasons for imposing 18 months, the district court mentioned Dee's failure to comply with court orders. However, when the court responded to Dee's attorney's objection to the increase, it only referred to the seriousness of the offense.

It appears that a major reason for the district court's 18–month sentence was Dee's offense conduct. Dee was violent and abusive during the flight; he caused danger to the flight crew, passengers and plane; he forced the plane to be diverted; and he threatened to kill crew members and hijack the plane. This behavior falls outside the heartland of 49 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 46504, under which individuals are typically convicted for much less serious conduct. *See, e.g., United States v. Tabacca,* 924 F.2d 906, 908–09 (9th Cir.1991) (defendant grabbed and twisted a flight attendant's arm after she asked him to stop smoking); *cf. United States v. Naghani,* 361 F.3d 1255 (9th Cir.2004) (affirming conviction based on similar conduct that triggered a 33–month sentence for a defendant who threatened bodily injury and was aggressive, confrontational and uncooperative). The district court also justified its sentence based on Dee's underrepresented criminal history. He had seven prior convictions, including three for domestic battery, two for armed robbery, one for robbery and one for aggravated assault. Because three of these convictions occurred more than 15 years before the instant offense and three were stricken from Dee's record, he falls into the lowest criminal history category, which significantly under-represents the seriousness of his criminal past. *See United States v. Connelly,* 156 F.3d 978, 984 (9th Cir.1998).

Nonetheless, the parties agree that the record suggests that the district court may also have factored in Dee's failures to appear even though they were already accounted for by the guideline calculation. *See United States v. Nuno–Para,* 877 F.2d 1409, 1414 (9th Cir.1989). Before *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we held that if the guideline calculation already accounted for obstruction of justice, a district court should not depart further upward "based upon the defendant's obstruction of justice unless [the defendant's conduct] was significantly more egregious than the ordinary cases of obstruction." *United States v. Ward,* 914 F.2d 1340, 1348 (9th Cir.1990), *as amended.* The district court did not make such a finding here. We have not yet decided the continuing vitality of this rule now that the guidelines are merely advisory and we review only the "ultimate sentence" for reasonableness. *Cantrell,* 433 F.3d at 1279. We need not resolve the issue today given the ambiguity of this record.

District courts are obligated to consider a variety of factors in sentencing defendants, only one of which is the sentencing guidelines. *See* 18 U.S.C. § 3553(a). In this case, by considering the guidelines and the other § 3553(a) factors, the district court did precisely as it should have, and justified its sentence on the record. We remand only to determine whether the district court considered Dee's failures to appear both in calculating the guideline range and in setting a reasonable sentence under the sentencing factors. On remand, the district court should clarify whether it included obstruction of justice as part of its decision to sentence above the discretionary guidelines and, if so, its reason for doing so.

The sentence is **VACATED** and the case **REMANDED** to the district court for further consideration consistent with this disposition. The mandate shall issue forthwith.