**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Dirk MADSEN, Defendant–**
**Appellant.**

No. 06–30655.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 14, 2008.

Michelle R. Mallard, USPO—Office of the U.S. Attorney, Pocatello, ID, Alan G. Burrow, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Echohawk Law Offices, Pocatello, ID, for Defendant–Appellant.

BEFORE: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,* District Judge.

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

**MEMORANDUM** **

Kenneth Dirk Madsen appeals his conviction for possession of iodine, a precursor to the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2), or aiding and abetting the same, in violation of 18 U.S.C. § 2. Madsen was arrested while in possession of seven percent iodine tincture solution, and he contends that the government failed to present sufficient evidence that he possessed iodine. We review a sufficiency of evidence challenge de novo. *United States v. Naghani,* 361 F.3d 1255, 1261 (9th Cir.2004).

Madsen argues that the government failed to present sufficient evidence that the iodine within the iodine tincture solution maintained a distinct chemical identity, as required by *United States v. Lo,* 447 F.3d 1212, 1221 (9th Cir.2006) (a chemical "commingled with other substances" can be considered a listed chemical for purposes of 21 U.S.C. § 841(c) if it "maintain[s] its distinct chemical identity within the combination rather than changing into a different chemical").

Madsen's argument fails because the government did offer such proof. In *Lo,* expert testimony that the controlled substance at issue, ephedrine, was "contained" within and could be extracted or removed from the commingled combination was enough to establish that the ephedrine maintained its distinct chemical identity. *Lo,* 447 F.3d at 1222–23. Here, the government's expert witness testified that seven percent of the iodine tincture consisted of iodine, and that iodine can be easily extracted from the tincture solution. The testimony offered by the government's expert witness was sufficient to allow a

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

jury to find beyond a reasonable doubt that Madsen possessed or aided and abetted in the possession of iodine in violation of 21 U.S.C. § 841(c)(2) or 18 U.S.C. § 2.

**AFFIRMED.**