**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shawn J. NELSON, Defendant–**
**Appellant.**

**No. 06–30657.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 14, 2008.

Michelle R. Mallard Fax, USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

James K. Ball, Esq., Boise, ID, for Defendant–Appellant.

BEFORE: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Shawn J. Nelson appeals his conviction for possession of iodine, a precursor to the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(c)(2), or for aiding and abetting the same, in violation of 18 U.S.C. § 2. Nelson was driving the vehicle in which his co-defendant, Kenneth Dirk Madsen, was riding after purchasing four bottles of seven percent iodine tincture solution. On this appeal, Nelson argues that (1) there was insufficient evidence at trial that the possession of iodine tincture solution constituted possession of iodine; (2) there was insufficient evidence that Nelson knew or had reasonable cause to believe that the tincture solution would be used to manufacture a controlled substance; and (3) his trial counsel's failure to object to testimony that he had smoked methamphetamine on the day of his arrest constituted prejudicial ineffective assistance of counsel.

■ We review Nelson's sufficiency of evidence challenges de novo. *United States v. Naghani*, 361 F.3d 1255, 1261 (9th Cir.2004); *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir.1998). Nelson argues that the government failed to present sufficient evidence that the iodine within the iodine tincture solution maintained a distinct chemical identity, as required by *United States v. Lo*, 447 F.3d 1212, 1221 (9th Cir.2006) (a chemical "commingled with other substances" can be considered a listed chemical for purposes of 21 U.S.C. § 841(c) if it "maintain[s] its distinct chemical identity within the combination rather than changing into a different chemical").

Nelson's argument fails because the government did offer such proof. In *Lo*, expert testimony that the controlled substance at issue, ephedrine, was "contained" within and could be extracted or removed from the commingled combination was enough to establish that the ephedrine maintained its distinct chemical identity. *Lo*, 447 F.3d at 1222–23. Here, the government's expert witness testified that seven percent of the iodine tincture consisted of iodine, and that iodine can be easily extracted from the tincture solution. The testimony offered by the government's expert witness was sufficient to allow a jury to find beyond a reasonable doubt that Nelson possessed or aided and abetted in the possession of iodine in violation of 21 U.S.C. § 841(c)(2) or 18 U.S.C. § 2.

■ Liability under 21 U.S.C. § 841(c)(2) attaches only if a defendant

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

knows or has reasonable cause to believe that the substance will be used to manufacture a controlled substance. "Reasonable cause to believe" exists if a defendant knows of facts that "either cause him or would cause a reasonable person to believe that the ingredients are being used to produce illegal drugs." *United States v. Johal*, 428 F.3d 823, 827 (9th Cir.2005). Nelson claimed to know nothing about Madsen's purchases of the four bottles of iodine tincture solution. This was contradicted by evidence of the "grocery list" written by Nelson, which included materials necessary for the manufacture of methamphetamine. Although Nelson denied writing "iodine tincture # 7" on the list, he did write down the addresses of the two feed stores where the tincture solution was purchased. Nelson also had on his person a receipt for additional materials used in making methamphetamine, which were purchased on the evening before he was arrested. In addition, Nelson told the arresting officer conflicting stories about the bottles of iodine tincture, and parked the vehicle in a suspicious manner when taking Madsen to the locations where Madsen purchased the iodine. A rational trier of fact could have found beyond a reasonable doubt that Nelson had reasonable cause to believe that the iodine in the iodine tincture solution would be used to make methamphetamine.

With respect to the ineffective assistance of counsel challenge, we will review such a challenge on direct appeal when "the record on appeal is sufficiently developed to permit determination of the issue." *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir.2005). Such review is de novo. *United States v. Quintero–Barraza*, 78 F.3d 1344, 1347 (9th Cir. 1995). When reviewing a claim of ineffective assistance of counsel, a court must determine whether counsel's representa-

tion fell "below an objective standard of reasonableness," and whether the defendant has suffered prejudice, which occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Quintero–Barraza*, 78 F.3d at 1348 (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (internal quotation marks omitted)).

As the basis for his ineffective assistance of counsel claim, Nelson points to his trial counsel's failure to object to testimony recounting Nelson's admission to the arresting officer that he had smoked methamphetamine on the day he was arrested. Because Nelson's own testimony at trial established that he had smoked methamphetamine on the day of his arrest, Nelson cannot show that but for the admission of the disputed testimony, there is a reasonable probability that the jury would have returned a different verdict.

**AFFIRMED.**