MEMORANDUM *
Appellant Ricky Sandcrane (“Sand-crane”) appeals the denial of his motion at sentencing asserting that the 30 year mandatory sentencing provision of 18 U.S.C. § 2241(c) is unconstitutional as applied to him under the Equal Protection Clause and the Eighth Amendment. We review the district court’s determination that 18 U.S.C. § 2241(c) was applied constitutionally to Sandcrane de novo and we affirm. See United States v. Naghani, 361 F.3d 1255, 1259 (9th Cir.2004).
Section 2241(c), as applied to Sand-crane, does not violate the Equal Protection Clause, as it does not discriminatorily classify Native Americans on its face. See City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Nor does any disproportionate impact of Section 2241 on Native Americans result from discrimination. See Washington v. Davis, 426 U.S. 229, 241, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Any disproportionate impact Section 2241 has on Native Americans simply reflects the different treatment of criminals under the Major Crimes Act who commit crimes in a federal enclave. See United States v. LeMay, 260 F.3d 1018, 1030 (9th Cir.2001). The federal government’s exercise of special jurisdiction over Native American affairs through the Major Crimes Act also cannot form a basis for an Equal Protection Clause violation. See United States v. Antelope, 430 U.S. 641, 646, 97 S.Ct. 1395, 51 L.Ed.2d 701 (1977). Therefore, we apply rational basis review to Section 2241, to determine whether “it bears a reasonable relationship to a legitimate governmental interest.” LeMay, 260 F.3d at 1031. The deterrence of sexual crimes against children is certainly a legitimate governmental interest. Section 2241 is reasonably related to furthering that *56 goal through the imposition of an increased penalty for such crimes.
Further, the application of Section 2241 to Sandcrane does not constitute cruel and unusual punishment under the Eighth Amendment. Under the Eighth Amendment our analysis focuses on whether the “criminal sentence [is] proportionate to the crime for which the defendant has been convicted.” Solem v. Helm, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). Our threshold inquiry “look[s] to the gravity of the offense and the harshness of the penalty.” Id. at 290-91, 103 S.Ct. 3001. We proceed beyond this inquiry “only ... ‘in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.’ ” United States v. Harris, 154 F.3d 1082, 1084 (9th Cir.1998) (quoting Harmelin v. Michigan, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring)). We find no such gross disproportion here. This court has generally recognized the grave harm resulting from sexual crimes relating to children. See United States v. Meiners, 485 F.3d 1211, 1213 (9th Cir.2007). The extreme young age of the victim in this case and the details of the crime render Sand-crane’s offense particularly serious. The Supreme Court has found constitutional longer sentences for crimes of lesser gravity committed by first-time offenders. See Harmelin, 501 U.S. at 961, 111 S.Ct. 2680; Hutto v. Davis, 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.