NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-30055 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:11-cr-05232-BHS-2 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| MARK SKILES, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 5, 2013
Seattle, Washington

Before:     FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

Mark Skiles appeals his conviction for unlicensed dealing in firearms[1] and

for conspiracy to so deal.[2]  We affirm.

(1)     Skiles first asserts that the evidence was not sufficient to support the

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]See 18 U.S.C. § 922(a)(1)(A).

[2]See 18 U.S.C. § 371.

verdict. We disagree. We have carefully reviewed the record, and it is apparent

that the evidence was sufficient to establish the elements of the offenses of dealing

in firearms without a license[3] and conspiracy so to do[4] beyond a reasonable doubt.[5]

Simply put, there was sufficient evidence to demonstrate beyond a reasonable

doubt that Skiles willfully engaged in the business of dealing in firearms without a

federal firearms license, and that he conspired to do so. It is apparent that the jury

credited the testimony of his former partner and the agents, together with the other

evidence, rather than his testimony. We reject his invitation to reject that jury

determination. See United States v. Alvarez, 358 F.3d 1194, 1201–02 (9th Cir.

2004); Leonard v. United States, 324 F.2d 911, 913 (9th Cir. 1963). There was no

error, much less plain error.

---

[3]See 18 U.S.C. §§ 921(a)(11)(A), (a)(21)(C), (a)(22), 922(a)(1)(A); Bryan v. United States, 524 U.S. 184, 191–92, 118 S. Ct. 1939, 1945, 141 L. Ed. 2d 197 (1998); United States v. Breier, 813 F.2d 212, 213–14 (9th Cir. 1987); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979); United States v. Van Buren, 593 F.2d 125, 126 (9th Cir. 1979) (per curiam).

[4]See supra note 3; 18 U.S.C. § 371; United States v. Rizk, 660 F.3d 1125, 1134 (9th Cir. 2011).

[5]See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); United States v. Nevils, 598 F.3d 1158, 1163–65 (9th Cir. 2010) (en banc). We note that because the issue was not properly preserved at trial, our review is for plain error. See United States v. Cruz, 554 F.3d 840, 844 (9th Cir. 2009); see also Fed. R. Crim. P. 29(a).

(2)     Skiles also claims that § 922(a)(1)(A) is unconstitutionally vague.  On this record,[6] we are unable to say that as applied to the facts and circumstances of this case,[7] the statute is unduly vague.  Skiles was sufficiently informed of its standards; indeed, the evidence was sufficient to establish that he knew that his activities were illegal.

AFFIRMED.

---

[6]See United States v. Naghani, 361 F.3d 1255, 1259 (9th Cir. 2004) (de novo review).

[7]See United States v. Harris, 705 F.3d 929, __, 2013 WL 174372, at *2 (9th Cir. Jan. 14, 2013);  United States v. Broncheau, 597 F.2d 1260, 1263 (9th Cir. 1979); see also Naghani, 361 F.3d at 1259–61.