**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50118 |
| Plaintiff - Appellee, | D.C. No. 5:08-cr-00128-TJH-1 |
| v. | AMENDED MEMORANDUM[*] |
| CONSTANTINE PETER KALLAS, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted March 4, 2014
Pasadena, California

Before:  FERNANDEZ and GRABER, Circuit Judges, and ZOUHARY,[**] District
Judge.

A jury convicted Defendant-Appellant Constantine Kallas, a former attorney

in the Office of the Chief Counsel within U.S. Immigration and Customs

Enforcement ("ICE"), of 36 counts of conspiracy, bribery, obstruction,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

immigration fraud, false statements, aggravated identity theft, workers' compensation fraud, and tax evasion. The convictions arose from a scheme in which Kallas and his wife and co-defendant, Maria Kallas, extracted payments from illegal aliens in exchange for assistance in obtaining immigration benefits for the aliens. The district court sentenced Kallas to a within-Guidelines sentence of 212 months of imprisonment and ordered him to pay $296,865.45 in restitution for the workers' compensation fraud convictions.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 and affirm Kallas' convictions and sentence.

**1.** The government presented sufficient evidence to support Kallas' convictions for Counts 2–5 and 7 because, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of bribery. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Kallas argues the government failed to present evidence that he used his official position at ICE to obtain immigration benefits. However, the fraud prong found in 18 U.S.C. § 201(b)(2)(B) of the bribery statute does not contain such an official-position nexus requirement. *See United States v. Leyva*, 282 F.3d 623, 626 (9th Cir. 2002) ("[U]se of an official position is not an element of the offense under

2

§ 201(b)(2)(B).").   The government also presented evidence that Kallas used his official position to access restricted files and databases to further his crimes.

**2.** Kallas' reliance on *United States v. Sun–Diamond Growers of California*, 526 U.S. 398, 406 (1999), is misplaced.  *Sun–Diamond* did not address subsection 201(b)(2)(B) (which targets the conduct of public official recipients of bribes); it only addressed subsection 201(c)(1)(A) (which targets bribe payers). Further, the holding in *Sun-Diamond* was animated by the notion that subsection 201(c)(1)(A) must be interpreted to require fraud, as distinct from innocent activity.

**3.** Because there is no official-position nexus requirement, Kallas' argument that the indictment was insufficient for failing to allege such a nexus necessarily fails as well.

**4.** The fraud prong of the bribery statute, subsection 201(b)(2)(B), is not unconstitutionally vague as applied to Kallas because the evidence demonstrated that Kallas was an ICE attorney who took money from aliens in exchange for committing a fraud on the United States, which included accessing restricted data. *See United States v. Naghani*, 361 F.3d 1255, 1259–60 (9th Cir. 2004).

**5.** The second superseding indictment was sufficient because it provided ample notice of the charges, *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir.

3

2000); and the district court did not abuse its discretion when it denied a motion to strike portions of the second superseding indictment as surplusage. *See United States v. Laurienti*, 611 F.3d 530, 546–47 (9th Cir. 2010).

6.      The district court properly instructed the jury that Kallas' inability to perform the promised act was no defense to the bribery charges. *See United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 825 (9th Cir. 1985) (rejecting challenge to instruction that "a person may be convicted of bribery even though the action requested is not within the official's power to perform").

7.      Reviewing de novo, *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir. 2002), we hold that the district court properly denied Kallas' motion to suppress because the search warrant for Kallas' home was not overly broad. The protocols for handling electronic data and potentially privileged material were complementary and did not allow for "'a general, exploratory rummaging.'" *United States v. Bridges*, 344 F.3d 1010, 1016 (9th Cir. 2003) (quoting *United States v. Rude*, 88 F.3d 1538, 1551 (9th Cir. 1996)). Further, the 91-page supporting affidavit contained probable cause to search for the listed electronic devices.

8.      Reviewing for plain error, *United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011), we hold that the prosecution did not commit misconduct by making

4

"send a message" arguments during closing, *see United States v. Wilkes*, 662 F.3d 524, 542 (9th Cir. 2011), and the prosecution's exhortation to the jury to apply common sense, when put in context, did not improperly alter the burden of proof, *see United States v. Redlightning*, 624 F.3d 1090, 1123 (9th Cir. 2010).

9. Kallas contends his sentence is procedurally unreasonable because the district court failed to discuss fully the disparity between Kallas' sentence and that of his co-defendant wife, who pled guilty to a subset of charges, and other bribery defendants in other cases. However, the record reflects the district court carefully considered Kallas' disparity argument as part of its analysis of the 18 U.S.C. § 3553(a) sentencing factors, provided a well-reasoned and thorough explanation for the sentence imposed, and noted how Kallas differed from his wife and defendants in other cases. The district court did not procedurally err. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

10. Kallas' within-Guidelines sentence is substantively reasonable in view of the totality of the circumstances. *See Carty*, 520 F.3d at 993. The district court had no obligation to reject the bribery Guidelines for policy reasons. *See United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011).

**11.** Finally, the district court did not plainly err when it concluded $296,865.45 in losses flowed directly from the workers' compensation fraud convictions. *See United States v. May*, 706 F.3d 1209, 1214 (9th Cir. 2013).

**AFFIRMED.**