**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 07 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50312 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00382-GW-1 |
| v. | |
| BOLADEMI ADETOLA, AKA Demi, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted May 4, 2015[**]
Pasadena, California

Before: FISHER, BEA and FRIEDLAND, Circuit Judges.

Bolademi Adetola appeals her conviction and sentence for conspiracy to

commit healthcare fraud in violation of 18 U.S.C. § 1349 and substantive

healthcare fraud in violation of 18 U.S.C. § 1347. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1.     The jury's general verdict did not violate *Yates v. United States*, 354 U.S. 298, 312 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1, 8-10 (1978).  The jury was never instructed that Adetola's payment of kickbacks was in itself sufficient to sustain a finding of healthcare fraud.  Rather, the kickback evidence was introduced to demonstrate Adetola had committed an act in furtherance of the conspiracy and that she knew the prescriptions she had submitted were false.  Because the government presented only a single, legally permissible theory of guilt, there is no *Yates* error.  *Cf. United States v. Naghani*, 361 F.3d 1255, 1260-61 (9th Cir. 2004).

2.     The prosecution's isolated references to the fact Medicare is taxpayer-funded were not "designed to appeal to the passions, fears and vulnerabilities of the jury," and thus did not constitute misconduct.  *United States v. Weatherspoon*, 410 F.3d 1142, 1149 (9th Cir. 2005).

Similarly, the prosecutor's statement that Dr. William B. Simpson was found not to be credible did not constitute implicit vouching for the veracity of Dr. Schwartz's testimony.  This observation was properly offered in response to defense counsel's argument that the government had failed to call Dr. Simpson to testify at trial.  *See id.* at 1150 ("[T]he reviewing court must not only weigh the

impact of the prosecutorial remarks, but must also take into account defense counsel's opening salvo" (internal quotation marks omitted)).

We are, however, troubled by two instances of improper vouching in the prosecutor's rebuttal. A prosecutor may not vouch for his own credibility by seeking to "establish[] his own veracity and credibility as a representative of the government." *United States v. Smith*, 962 F.2d 923, 933 (9th Cir. 1992). Here, the prosecutor crossed the line twice: first, when he remarked on his own credentials relative to those of other attorneys at the Department of Justice; second, when he said he could not think of a "plausible excuse" for the forged signatures of deceased beneficiaries on the equipment renewal leases. Reviewing for plain error, however, given the strong evidence supporting Adetola's conviction, the prosecutor's inappropriate argument did not "substantially prejudice[] [her] trial" and does not warrant reversal. *Cf. United States v. Sanchez*, 659 F.3d 1252, 1256 (9th Cir. 2011) (internal quotation marks omitted). We also reject Adetola's cumulative-error argument. *See United States v. Solorio*, 669 F.3d 943, 956 (9th Cir. 2012).

3. The district court did not err in applying an 18-level enhancement to Adetola's sentence. It reasonably estimated that the fraudulent scheme resulted in

at least $2.5 million in actual or intended loss. *See United States v. Armstead*, 552 F.3d 776 (9th Cir. 2008); *see also* U.S.S.G. § 2B1.1(b)(1).

**AFFIRMED.**